## CARTEE v. SPENCE.

1. The Circuit Judge cannot hear and determine a question raised by demurrer after all the issues in the action, both of law and fact, have been referred to the master for trial, and in advance of his report.

2. In the absence of any showing to the contrary, it must be assumed

that all the circumstances existed, which would have authorized such an order of reference as was granted by the Circuit Judge in this case, notwithstanding no written consent appeared upon the face of the order.

3. A complaint that contains allegations of fraud insufficient to warrant the cancellation of a deed, but states facts sufficient to entitle plaintiff to a partition, cannot be held, on demurrer, not to state facts sufficient to constitute a cause of action.

4. The master is a special tribunal, and has no power to require the defendants to produce a deed in their possession, no such power having been conferred upon him.

5. *Doubted*, whether a Circuit Judge could on motion require a party to the cause to produce a deed in his possession to be used in evidence against him.

Before PRESSLEY, J., Anderson, February, 1885.

The opinion states the case.

*Mr. T. C. Ligon*, for appellants.

*Mr. J. L. Tribble*, contra.

April 20, 1886.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   The plaintiffs, as heirs at law of Robert Spence, sr., who died intestate in October, 1870, bring this action against the defendants, all of whom are heirs at law of said Robert Spence, sr., except the defendants, B. F. Brown and Sallie V. Brown, for the partition and sale of a tract of land alleged to constitute a part of the real estate of said intestate. They allege substantially that soon after the death of intestate, the defendant, Robert Spence, jr., filed his petition in the Court of Probate for the partition and sale of the real estate of said intestate, to which they as well as the other heirs at law of said Robert Spence, sr., were made parties; that under an order of said court the greater part of the real estate of the intestate was sold and the proceeds applied to the payment of his debts; that the tract of land which constitutes the subject matter of the present action, owned by the said Robert Spence, sr., at the time of his death, "was, by fraud on the part of the said Robert Spence, jr., and by mistake on the part of the other parties to that pro-

ceeding, entirely omitted from said proceeding, and has never been partitioned among the parties thereto;" that the said Robert Spence, jr., did thereafter, "to wit, on the     day of A. D. 187 , fraudulently convey to J. P. Reed, as trustee for the defendants, B. F. Brown and Sallie V. Brown, the aforesaid tract of land," and that the said Browns, ever since the date of said conveyance, have been in possession of said land, enjoying the rents and profits thereof; that the trustee, Reed, is dead and no one has been appointed in his place, and that some of the heirs at law of the intestate are minors. The relief demanded is that the land be sold and the proceeds divided amongst the heirs at law of said Robert Spence, sr., or their assigns, and that the defendants, Robert Spence, jr., B. F. Brown, and Sallie V. Brown, account for the rents and profits of said land during the time it has been in their possession.

A formal answer was filed by the minor defendants through their guardian *ad litem*, and the defendants, B. F. Brown and Sallie V. Brown, put in an answer, the purport of which is not stated, except that it contains a demurrer, upon the ground that the complaint does not state facts sufficient to constitute a cause of action against them.

On March 6, 1884, an order was granted by Judge Hudson, "that it be referred to W. W. Humphreys, master, to take testimony, and try all issues of law and fact, and report the same to this court." On January 21, 1885, the master, on the motion of plaintiffs, granted an order discontinuing the action as to the defendant, Robert Spence, jr., he being then dead, and the only demand made against him being for rents and profits—he having conveyed all his interest in the land to B. F. Brown and Sallie V. Brown. On January 17, 1885, a notice was served on the attorneys for the Browns by the plaintiffs' attorney, requiring them to produce a certain deed to Robert Spence, at a reference to be held by the master on January 19, 1885, "for the use and inspection of the plaintiffs herein." The said defendants having refused to produce the deed, the master, on February 10, 1885, made an order requiring the defendant, B. F. Brown, and his attorneys, "forthwith to produce said deed for the use of the plaintiffs as evidence in this case." From this order the defen-

dants, B. F. Brown and Sallie V. Brown, appealed to the Circuit Court, and Judge Pressley set aside the order of the master, upon the ground that he had no jurisdiction to grant such an order. Immediately following this order of Judge Pressley, without further statement or explanation in the "Case," comes the following statement: "The court then ruled that the demurrer was first in order, and after argument the following order was made," to wit, an order sustaining the demurrer.

The plaintiffs appeal upon the following grounds:

1. Because his honor erred in calling up the demurrer for argument, the case being at the time under reference before the master by a previous order of his honor, Judge J. H. Hudson, and no report of the case having been made by the master back to this court.

2. Because his honor erred in sustaining the demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action against the defendants, B. F. Brown and Sallie V. Brown.

3. Because his honor erred in holding that the complaint did not sufficiently connect B. F. Brown and Sallie V. Brown with the alleged fraud, and that the allegations must be made connecting them directly with the fraud, and state that said fraud was discovered within four years before the commencement of this action.

4. Because his honor erred in not holding that the defendants, B. F. Brown and Sallie V. Brown, were estopped from raising the demurrer, they having allowed the case to be referred to the master, without objections, to try all issues of law and fact, and report the same to the court.

5. Because his honor erred in holding that the master was without jurisdiction to grant the order requiring B. F. Brown and his attorneys to produce the deed of George S. Smith to Robert Spence, dated December 24, 1847.

6. Because his honor erred in holding that his honor, Judge J. H. Hudson, was without jurisdiction to refer the case to the master to try all issues of law and fact, and that the master in this case could only take the testimony and report the same to this

court, and that this case was still in the hands of this court, and not in the hands of the master, for determination.

It will be observed that while these grounds of appeal question the right of the Circuit Judge to hear the question raised by the demurrer pending the reference of all the issues to the master, they do not, as in the case of *Smythe & Adger* v. *Brown*, decided at the present term,[1] question his right to hear an appeal from an intermediate order of the master before his report has been made, and hence that question will not be considered here. The first inquiry presented by the appeal is whether the Circuit Judge could hear and determine the question raised by the demurrer after all the issues in the action, both of law and fact, had been referred to the master for trial in advance of his report and exceptions thereto. Exactly how the question presented by the demurrer was brought before the Circuit Judge, does not appear. There are, it is true, some statements made in the argument of counsel as to this matter, but these, as we have frequently had occasion to say, we cannot consider, but must confine ourselves to the "Case" as prepared for argument here; and there we find nothing to show how the question came up. . All that we know is, that it did not come up upon the master's report and exceptions thereto, for it is stated in the "Case" that upon the notice of appeal from the order of the master requiring the defendant, B. F. Brown, and his attorneys to produce the deed above referred to, "the master held that the appeal suspended the further hearing by him until the appeal was disposed of by the Circuit Court."

This being the state of the case, we do not think that the question presented by the demurrer was properly before Judge Pressley for consideration and determination. This was one of the issues presented by the pleadings, for it is stated in the "Case" that an answer was filed by the defendants, B. F. Brown and Sallie V. Brown, "containing, amongst other things, the following demurrer," to wit, that the complaint does not state facts sufficient to constitute a cause of action against said defendants. And after all the issues of law and fact had been referred to the master for trial, we do not see how another Circuit Judge could

---

[1] Filed after this decision, and to appear in 25 S. C. Reports.—REPORTER.

try one of those issues until the previous order of reference had been revoked, unless such order was so wholly beyond the jurisdiction of the judge who granted it as to render it a nullity. It is assumed in the sixth ground of appeal that Judge Pressley did hold that the order was void for want of jurisdiction, though this does not appear in the "Case" as the reason why Judge Pressley held that the demurrer was properly before him.

But, as a question of jurisdiction may be raised at any time, we will proceed to consider whether the order of reference was void for want of jurisdiction. This being an order of a court of general jurisdiction—the Court of Common Pleas—need not, like a proceeding in an inferior court, show upon its face all the facts necessary to give jurisdiction, but those facts, in the absence of any showing to the contrary, will be assumed. Now, there is no doubt that Judge Hudson, holding the Court of Common Pleas, had the power to grant an order of reference in the case, under certain circumstances, and he having granted it, we are. bound to assume that he first ascertained the existence of those circumstances which would authorize him to grant such an order. It is true that it does not appear upon the face of the order that the defendants consented in writing to the order; but this is not necessary, as their written consent, which is all that the code requires, may have been otherwise given, and we are bound to assume, in the absence of any evidence to the contrary, that it was so given, especially when it is not suggested, even in argument, that any objection was ever made to the order of reference on that or any other ground, and, on the contrary, it appears that defendants recognized its validity by attending the reference, without protest, held in pursuance of such order.

One Circuit Judge cannot disregard an order made by his predecessor, unless it is void for want of jurisdiction, and, therefore, we do not think that the issue of law presented by the demurrer was properly before Judge Pressley for determination, and hence, upon this ground, his order sustaining the demurrer must be set aside. To say nothing else, it might work great injustice to a party to be called on suddenly to argue a question of law before the Circuit Judge, when he supposed, and had a right to suppose, that such issue had been previously referred to the master to be

heard by him in the first instance. This case differs from the cases of *Kennerty* v. *Etiwan Phosphate Company*, 17 *S. C.*, 411, and *Davis* v. *McDuffie*, 18 *Id.*, 495; for there the cases were properly before the Circuit Judge for hearing, while here, as we have seen, this case was not properly before him, except, perhaps, upon the single question presented by the appeal from the order of the master requiring defendants to produce a certain deed.

Under this view, the question whether upon the merits the demurrer was properly sustained, does not arise; but, as that question has been argued, it may save another appeal to consider it now. Even assuming that the allegations with respect to the alleged fraud in the conveyance from Robert Spence, jr., to Reed as trustee for the Browns are insufficient to warrant a court in setting aside such conveyance, we do not see how it follows from this that no cause of action is stated in the complaint. Eliminating from the complaint all the allegations of fraud, its statements are substantially as follows: that Robert Spence, sr., being seized and possessed of the land in question, departed this life intestate in October, 1870, leaving, as his heirs at law, the plaintiffs and the defendants, other than the two Browns; that soon after his death his lands, under proceedings in the Court of Probate, were sold, but that, by mistake, the tract of land now in controversy was omitted from said proceedings, and has never been partitioned amongst the heirs of the intestate; that Robert Spence, jr., one of the heirs, sold and conveyed said tract of land to J. P. Reed as trustee for the defendants, B. F. Brown and Sallie V. Brown, who are now in possession of said land, receiving the rents and profits thereof.

Now, if these facts be true, as they must be assumed to be, in considering the question presented by the demurrer, we do not see why a case for partition is not properly presented. If the land belonged to the intestate at the time of his death, then clearly one of his heirs, Robert Spence, jr., could only convey his interest in the land, even though his deed might purport to convey the entire interest to Reed as trustee; and this would constitute him, or his *cestuis que trust*, the Browns, if the statute executed the use, tenants in common with the plaintiffs and the other heirs of the intestate, and as such amenable to the demand of

the plaintiffs for partition. Indeed, we do not know that it was any part of the object of the complaint to set aside the conveyance from Robert Spence, jr., to Reed as trustee for the Browns, on the ground of fraud. No such relief is demanded in the prayer of the complaint, and, on the contrary, the prayer is that the proceeds of the sale of the land be distributed amongst the heirs at law of the said Robert Spence, sr., or their assigns, and in the order which the plaintiffs obtained discontinuing the action against Robert Spence, jr., the validity of such conveyance seems to be expressly recognized. And if the fact be, as alleged in the complaint, that the land belonged to the intestate at the time of his death, then, as Robert Spence, jr., could only convey his interest or share to Reed as trustee for the Browns, we do not see what possible interest the plaintiffs could have in setting aside such conveyance.

It seems to us, therefore, that all the allegations in the complaint with respect to fraud were wholly unnecessary to the real object of the action, and were probably inserted only as one of the reasons why this tract of land was omitted from the proceeding in the Court of Probate. It may be that the defendants, B. F. Brown and Sallie V. Brown, have been in adverse possession long enough to give them title, but that is a matter to be set up in their answer, and cannot be considered under the demurrer, for it does not appear in the complaint when they went into possession, the date of the conveyance being left blank, and there is certainly no statement as to the character of their possession. It may be, too, that, when the terms of the trusts declared in the conveyance to Reed are made to appear, it will be necessary that the trustee should be made a party, but that also is a matter for the answer; for taking the naked fact, as stated in the complaint, that the conveyance was made "to J. P. Reed as trustee for the defendants, B. F. Brown and Sallie V. Brown," without more, there can be no doubt that the statute would execute the use, and vest the legal title in the Browns, in which event the trustee would not be a necessary party.

The only remaining inquiry is whether the Circuit Judge erred in setting aside the order of the master, requiring the defendant, B. F. Brown, and his attorneys to produce the deed mentioned in

the order.   We agree with the Circuit Judge, that the master
had no authority to grant such an order.   That officer being
constituted a special tribunal, as it were, by statute, can only
exercise such powers as are conferred upon him by the statute
law.   We are unable to find any law investing him with the
power to grant such an order.   It is certainly not embraced in
the powers conferred upon that officer either by section 791 of the
General Statutes or by section 294 of the Code; but, as we learn
from the argument of the appellants' counsel, the power is claimed
under section 389 of the Code.   The powers conferred by that
section are, however, in express terms conferred upon "the court
before which an action is pending or a judge or justice thereof,"
and not upon any other officer.   We do not think that the mas-
ter could claim the power in question under that section.

Indeed, it is not by any means clear that the provisions of sec-
tion 389 would authorize even the court or a judge thereof to
grant an order of the character of that now under consideration.
The object of that section seems to be to enable a party to obtain
an inspection or copy of some documentary evidence which his
adversary expects to use on the trial, and not to obtain from his
adversary evidence for his own use, for that he could obtain by a
*subpœna duces tecum* or by notice to produce a paper, in default
of which secondary evidence of its contents would be offered.
Here the order was "to produce said deed for the use of the
plaintiffs as evidence in this case;" and it is at least questionable
whether the object of the section was to force one party to fur-
nish testimony to be used by the other.   But, as this point has
not been argued, we do not propose to decide it now, but rest our
decision upon the ground that the section does not confer the
power in question upon the master.

The judgment of this court is, that the order of the Circuit
Judge sustaining the demurrer be reversed, and that his order
setting aside the order of the master requiring the defendant, B.
F. Brown, and his attorneys to produce the deed mentioned in the
order be affirmed.