### PARKER v. SOUTH CAROLINA AND GEORGIA R. R.

1. INSPECTION OF PAPERS—CASES CRITICISED.—The order excepted to, requiring the defendant to permit the plaintiff to inspect certain papers, *held*, under the facts of this case, if erroneous, to be harmless error. *Cartee* v. *Spence*, 24 S. C., 558, and *Jenkins* v. *Bennett*, 40 S. C., 400, *criticised*.

2. CHARGE—DAMAGE.—It is not error to charge the jury in this case, under the facts proven, that in estimating damages, they might take into consideration the doctor's bill.

3. CHARGE.—It is not necessary that a Judge charge a special request in the exact language used, but it is sufficient if he cover the point requested.

4. CONTRIBUTORY NEGLIGENCE—MASTER AND SERVANT.—Whether a servant is guilty of contributory negligence, because he remains in the service of his master after he has knowledge of defects in the machinery or appliances with which he is furnished to work, is a question of fact for the jury.

Before GARY, J., March, 1896.    Affirmed.

Action by J. R. Parker against the South Carolina and Georgia Railroad Company. The defendant submitted the following requests to charge:

I. The foundation of this action brought by the plaintiff against the South Carolina and Georgia Railroad Company is an allegation of negligence made by the plaintiff against the defendant, in that it is claimed that the plaintiff, while riding upon the engine of the defendant, as an employee

of the railroad, was injured, because it is claimed the engine was thrown from the track by reason of some defects in the said engine, and by reason of defects in the track; this being, in substance, the charge made by the plaintiff, the plaintiff must show by the preponderance of evidence that the defendant, its agents and servants, were guilty of negligence in the manner as charged; in other words, the plaintiff must satisfy the jury by the preponderance of evidence that, under the circumstances proven in the case, the defendant has omitted to do what a prudently conducted railroad company would have done, or has done what a prudently conducted railroad company would not have done.

II. In this charge of negligence brought by the plaintiff against the defendant, the burden of proof of establishing the negligence is upon the plaintiff, and no presumption of negligence arises from the mere fact that the engine jumped from the track or that the plaintiff was injured. In cases between passengers and a railroad company, when there is an accident, ordinarily there is a presumption of negligence, but in cases between the employees or servants of the railroad company and such railroad, no such presumption arises from the occurrence of the accident which caused the injury complained of, and the burden is upon the plaintiff to satisfy the jury that there was negligence. Nitro-glycerine Case, 15 Wallace, 539; Sherman and Redfield on Negligence, section 99; *Smith* v. *The Erie Railroad* (Penn.), 11 Am. State R., 899.

III. That as between passengers and a railroad company, when an injury has happened, the measure of care is extraordinary care, and the company is held liable for the slightest negligence; but not so as between employees (as in this case), and the railroad company, where the measure is only the exercise of ordinary care and diligence.

IV. Railroad companies do not warrant their employees the safe condition of their line, nor the absolute security of their appliances, machinery, and roadbed; they only guarantee that due care will be used in constructing and keep-

ing them in repair, and due care used in operating the line, appliances, and machinery. When the railroad has exercised all of the care and caution which a prudent man would take for the safety and protection of his own person, the law does not hold it liable for the consequences of a defect which could not be discovered by careful inspection. Patterson Railway Law, section 284.

V. In a case like the present one, the proper inquiry is not whether the accident might have been avoided if the company had anticipated its occurrence, but whether, taking the circumstances as they then existed, the company was negligent in failing to anticipate and provide against the occurrence. The duty imposed does not require the use of every possible precaution to avoid injury, nor that the company should have employed any particular means, which it may appear after the accident would have avoided it. It was only required to use such reasonable precautions to prevent accidents as would have been adopted by prudent persons prior to the accident. *Wabash Railroad Company* v. *Locke*, 2d Am. State Reps., 201; *Beattie* v. *Railroad Company*, 8th Am. & Eng. Rep., 210.

VI. The liability of the railroad to its employees or servants being dependent upon its negligence, it is not liable for injuries to them resulting from inevitable accidents or misfortunes such as could not be averted by diligence in the management of the road. Patterson's Railway Law, section 282; *Filbern* v. *L. & N. Railroad Company*, 99 Am. Decisions, 693.

VII. The jury is charged, that if they find from the evidence that the engine of the defendant, upon which the plaintiff was traveling, was well constructed and in reasonably fair order, and that it was thrown from the track through the culpable act of some person, known or unknown, who maliciously or mischievously placed spikes or other obstructions upon the track, by which the engine was derailed, without the knowledge of the defendant or its agents and servants who had charge of the track, and

without want of care on the part of the defendant or that of its agents in discovering such obstructions in time to remove them, that the plaintiff cannot recover, no matter what may be his misfortune in being injured, and the jury must find for the defendant. *Kane* v. *East Tenn. R. R. Co.*, 18 S. E. R. (Ga.), p. 18.

VIII. The jury is further charged, that the plaintiff must introduce evidence to show that the injury is more naturally to be attributed to the negligence of the defendant than any other cause, or he cannot recover. If the accident appears upon the evidence to be as consistent with the absence of negligence for which the defendant is responsible as with the existence of such negligence, the plaintiff must fail, and the verdict must be for the defendant. *Griffin* v. *Boston Railroad Company* (Mass.), 12 Am. State Rep., 527.

IX. The testimony must not only establish that the defendant was guilty of negligence, but it must establish that the injury arose from such negligence—in other words, that the injury was proximately caused by the negligence of the defendant company, its agents and servants. *Glenn* v. *The Railroad Company*, 21 S. C., 466.

X. An employee of a railroad company, in entering into the service thereof, knows, or is taken to know, that there are extraordinary dangers inseparable from such a service, which human care and foresight cannot always guard against. He is not bound to incur these known perils incident to the service, and may refuse to do so; or he may, as far as can be done, provide for them, in the rate of compensation or otherwise. But if he voluntarily engages to serve in view of all of the hazards to which he will be exposed, it is well settled that, as between him and his employer, he undertakes to run all of the ordinary risks of the service; and this includes risk of injuries which may arise from an unexpected cause, and which could not be guarded against by the exercise of ordinary care and diligence; and if the jury in this case find from the evidence that the plaintiff

was injured by such an accident, arising from an unexpected cause, which could not be guarded against by the exercise of ordinary care and diligence, he cannot recover. *Eliot* v. *Nashville Railroad Company*, 78 Am. Decisions, 509; *Rodman* v. *Michigan Central Railroad Company*, 17 Am. and England Railroad Cases, 521.

XI. The employer, or the railroad company, as in this case, is not bound to use the safest machinery, or the newest inventions in machinery, or in the keeping up of their roadbed; but if they use machinery that is suitable for the work, and exercise that degree of skill and labor which is ordinarily used in the keeping up of a roadbed, employing proper section masters or inspectors, who properly and carefully discharge their duty, and notwithstanding such discharge of duty, and such exercise of ordinary care and diligence, an injury occurs to an employee, then the railroad company is not responsible in damages, and the verdict must be for the defendant. Patterson's Accident Law, sec. 285; *Dunkin* v. *Sharpe, receiver* (N. N. Case), 8th A. & E., p. 522.

XII. It is claimed that the engine was defective in the way as is alleged in the complaint, and sought to be proven in the evidence. The jury should first inquire whether or not there was any defect, in any way, in the engine, and then they should inquire whether or not such defect contributed to the accident, or brought it about; and even if they be satisfied that there was a defect in the engine which contributed or brought about the accident, or, in other words, which caused the engine to mount the track, then they should enter upon the important inquiry, whether or not the plaintiff, Parker, knew of these defects in the engine, and continued to use the engine with the knowledge of these defects; and the jury is charged that if they find he had such knowledge, and still continued to use the engine, and from the said defects the injury occurred, the plaintiff cannot recover, and the verdict must be for the defendant. *Hooper's Case*, 21 S. C., page 541; *Evans* v.

*Chamberlain, receiver*, 40 S. C., page 109; Wood's Master and Servant, secs. 368–376.

XIII. That an employee who works defective machinery, knowing the defect, assumes the risk, and if injured from such defect, cannot recover, even if his employer knows it. In order to shift the responsibility to the employer, he must have promised to repair. In this case, the jury is charged, that if, in February, 1895, Parker delivered the engine No. 6 to Blackwood, the repairing agent of the defendant, and they find he promised to repair it as to the parts claimed to be out of repair and dangerous, yet if they further find that he did not so do, and Parker again accepted said engine, and, in a dangerous condition known to him, ran it from time to time until June 25, 1895, and that from such condition of said engine he was then injured, he cannot recover, no matter how many times he again notified the agents of the company, unless they again promised to repair. Wood's Master and Servant, sec. 379.

The Court charged the jury as follows:

Mr. Foreman and gentlemen of the jury, it is a matter of congratulation to you that this case, which has consumed nearly three days, is about drawing to a close; and I must say that, from the attention that you have given, not only to the evidence, but to the arguments, I am sure that whatever verdict you arrive at in this case, the litigants will get one which will be the result of your best judgment, as they have the right to expect, and as they do expect, and as the law requires. As the arguments have taken such a range, it may be proper for me to call your attention to the issues that you are called upon to decide. Those issues are made up by what is known as the "pleadings." The plaintiff comes into Court and alleges his cause of action, by what is known as his "complaint." The defendants answer, either admitting or denying such allegations of the complaint as he may see proper under the form of pleadings. The answer can be general or special. The defendant can set up any

24—48

special defense he may see proper to set up. This is a suit for damages—a suit brought against the defendant railroad company, alleging that the defendant was negligent in not supplying the plaintiff with a proper locomotive, and also negligent in not keeping the roadbed in good and proper repair, and by reason of these acts of negligence the plaintiff, while running the engine as engineer in the employment of the defendant, was thrown down an embankment and injured, as he alleges, in the sum of $20,000. The defendant denies negligence, and sets up as an affirmative defense that the plaintiff was injured by no negligent act of the railroad company, by reason of the fact that some one had maliciously and wilfully placed a spike, or some object, upon the railroad track, and that was the cause of the accident; alleges, on the other hand, that if the plaintiff was injured, it was through no fault of theirs, no want of proper care on the part of the defendant.

Now, you will see at the very outset that the case turns upon the question of negligence. What is negligence? Negligence ordinarily is the want of due and proper care. I charge you that where one enters in the service of a railroad company in the capacity of engineer, for instance, the same rule of negligence does not apply, that same degree of care does not attach to the railroad company, as would apply if he were a passenger riding upon the train; as a passenger, the contract is different; when he enters upon the train, the contract on the part of the passenger with the railroad is, he pays the company so much to carry him safely to a certain point. But when you enter the service of the railroad, the obligation is reciprocal; there are acts required not only of the railroad, but also of the employee; the relation of master and servant existing, the railroad being the master and the employee the servant—the same thing as employer and employee. Now, their duties are reciprocal. In the first instance, it is the duty of the railroad company to furnish safe and proper machinery; and, secondly, it is their duty to keep the roadbed in ordinary repair, capable

of conveying trains that are to run over the road in the usual course of traffic. It is the duty of the employee, the engineer, for instance, to so conduct that engine in a skillful manner as a prudent and skillful engineer would do under the circumstances. If there is any defect in the engine while in the use of the engineer, it becomes a mixed question of law and fact how far his duties require him to report the fact, and whether he should undertake to operate that engine, knowing it to be in the condition that it is. There are two acts of negligence complained of—one is that the railroad furnished defective machinery, and the other is that it did not keep a proper roadbed. So your inquiry will be whether this accident is attributable to either or both of these causes. Was it the fault of the engineer, or was it because of the want of proper and ordinary care on the part of the railroad company? You will first inquire what machinery was furnished him. I charge you that in the first instance it is the duty of the railroad company to furnish properly equipped machinery; but if in the use of that machinery by the employee it becomes defective, and he knows of that defect, and that defect is such that a prudent engineer, a cautious engineer, would not use under the circumstances, and if the engineer in this case did use that machinery in that fix, knowing it to be defective, and the defect was such as a prudent and cautious engineer would not have used under the circumstances, then I charge you that the plaintiff in this case would assume the liability, and the railroad would not be responsible for an accident occurring to him under those circumstances. To illustrate what I mean, I will give you a hypothetical case: If that engine had a cracked wheel on that morning, and that fact was known to the engineer, and was such that one skilled in engineering, known to be prudent and cautious, would not have used, knowing of that defect, and the engineer, while conscious of this fact, used it in any way, then he would assume the risk. While it is the duty of the railroad to furnish proper machinery, it is also the duty of the em-

ployee to use it in a proper and skillful manner. Now, for instance, if it appeared to a prudent engineer that one of the wheels would probably run off of that engine before it would make the trip, and knowing that fact he undertakes to run it, and runs it off, under those circumstances he would assume the risk himself. As I have said, it is the duty of the railroad company to furnish proper machinery and a proper track. If you find the machinery was not defective, then your inquiry will be, was the accident due to improper repair of the railroad track? That is a question of fact for you. You have heard the evidence. Was that track in such condition as to reasonably transport over it the engines and cars that were to be used for the ordinary purposes of the traffic of that railroad? You have seen the track; you have heard it described here how it was before the accident. You have heard the witnesses upon that point. Now was the railroad negligent in keeping up that track? If so, and the accident occurred through negligence of the railroad, then the plaintiff would be entitled to recover. If, on the other hand, they failed to supply him with proper machinery, or failed to put his machinery in proper repair, and the engineer was not careless or reckless in using the machinery, and the accident occurred through the negligence of the railroad in not furnishing proper machinery, under those circumstances the plaintiff would be entitled to recover. Now, the gentlemen who have argued this case have relieved me of a great deal in explaining to you minutely, in detail, the law applicable to the case, which they have collated in their requests to charge, and which they have sent up to me for the purpose of having me pass upon them. "That it is the duty of the defendant to furnish the plaintiff with a safe and sound engine with which to work, and a safe and sound roadbed, and it was their further duty to keep and maintain said engine and roadbed in a safe and sound condition, and if the jury find from the evidence that the defendant negligently failed to perform either of these duties as to the engine or roadbed, and if

the engine or roadbed was not in a safe or sound condition at the time of the accident, and that the wreck in which the plaintiff was injured was caused by the engine or road-bed, either or both, being in such condition, plaintiff would be entitled to the verdict." I charge you that it does not necessarily mean that the verdict should be for the amount claimed, if you find the plaintiff is entitled to a verdict, but for an amount that you think the plaintiff has reasonably proven his damages to be.

"2. That an employee has the right to assume, without examination, that the appliances furnished him to work with or upon by his employer are safe and sound." That is, in the first instance; if, after working that machinery, he finds that it is unsound, and knowing it to be in an unsound condition, that it has such defect in it that a prudent engineer would not use, then he would assume his own risk under those circumstances.

"3. If the jury found from the evidence that the defendant company were operating the Carolina, Cumberland Gap, and Chicago Railway, as alleged in the complaint, at the time the injury was received by the plaintiff, it would make no difference as to the liability of the defendant company that the accident occurred on the said Carolina, Cumberland Gap, and Chicago Railway, for the defendant company would be liable for any negligence in operating said railway the same as if the same were owned by the defendant company." That I charge you to be the law. If you find that the defendant, the South Carolina and Georgia Railway, were operating this railroad, and they did it negligently, in the manner complained of by plaintiff, they could not escape liability by reason of the fact that it was not their roadbed; if they had it in charge, operating it, they are responsible for liabilities.

Some of these requests I have allowed and some disallowed; and so with reference to defendant's requests, I have allowed some and disallowed others for reasons stated on separate sheet. The defendant requests me to charge you:

"Railroad companies do not warrant their employees the safe condition of their line nor the absolute security of their appliances, machinery, and roadbed; they only guarantee that due care will be used in constructing and keeping them in repair, and due care used in operating the line, appliances, and machinery." I charge you that is the law.

"When the railroad has exercised all of the care and caution which a prudent man would take for the safety and protection of his own person, the law does not hold it liable for the consequences of a defect which could not be discovered by careful inspection." I charge you that to be the law.

The fifth request I do not charge.

"6. The liability of the railroad to its employees or servants being dependent upon its negligence, it is not liable for injuries to them. resulting from inevitable accidents or misfortunes, such as could not be averted by diligence in the management of the road." I charge you that to be the law.

"7. The jury is charged, that if they find from the evidence that the engine of the defendant, upon which the plaintiff was traveling, was well constructed and in reasonably fair order, and that it was thrown from the track through the culpable act of some person known or unknown, who maliciously or mischievously placed spikes or other obstructions upon the track by which the engine was derailed without the knowledge of the defendant or its agents and servants who had charge of the track, and without want of care on the part of the defendant or that of its agents in discovering such obstructions in time to remove them, then the plaintiff cannot recover, no matter what may be his misfortune in being injured, and the jury must find for the defendant." I charge you that to be the law. If you find some malicious person, unknown to the railroad, placed an obstruction there on that track, and the railroad did not let the obstruction remain there an unreasonable length of time, and through that obstruction the engine was derailed, and the accident occurred by reason of that, the railroad

would not be liable.  On this principle, if you are riding upon a passenger train, and some wicked person fires into the train and shoots you, you could not hold the railroad responsible for that, unless the railroad did some act to bring it about, or was negligent in some act in the premises.

The eighth request I refuse.

"9th.  The testimony must not only establish that the defendant was guilty of negligence, but it must establish that the injury arose from such negligence; in other words, that the injury was proximately caused by the negligence of the defendant company, its agents and servants."  I charge you that to be the law.

The tenth I refuse.

"11th.  The employer or the railroad company, as in this case, is not bound to use the safest machinery, or the newest invention in machinery, or in the keeping up of their road-bed, but if they use machinery that is suitable for the work, and exercise that degree of skill and labor which is ordinarily used in the keeping up of a roadbed, employing proper section masters or inspectors, who properly and carefully discharge their duty, and notwithstanding such discharge of duty, and such exercise of ordinary care and diligence, an injury occurs to an employee, then the railroad company is not responsible in damages, and the verdict must be for the defendant."  I charge you that is the law.

The twelfth I charge you modified as appears upon the record: "It is claimed that the engine was defective in the way as is alleged in the complaint, and sought to be proven in the evidence.  The jury should first inquire whether or not there was any defect in any way in the engine, and then they should inquire whether or not such defect contributed to the accident, or brought it about; and even if they be satisfied that there was a defect in the engine which contributed or brought about the accident or, in other words, which caused the engine to mount the track, then they should enter upon the important inquiry whether or not the plaintiff, Parker, knew of these defects in the engine, and

continued to use the engine with the knowledge of these defects," and if they were such than an engineer of ordinary prudence and caution would not have used under the circumstances, the plaintiff cannot recover. That I charge you.

The thirteenth I refuse.

If you should find a verdict for the plaintiff, you are at liberty in estimating the damages to take into consideration the doctor's bill, nursing, pay for drugs, and for whatever pain, suffering or anguish you might find the plaintiff has reasonably proven his case to amount to. In coming to your conclusion you should throw aside all sympathy or prejudice. You are not here to award sympathy or to punish corporations, but you are to try the issues between these litigants, and come to a solution who is in the wrong, if either is in the wrong. Has the plaintiff made out his case by the preponderance of the evidence, and, if so, what reasonable damages has he established? If you find he has made out a case of damages by the preponderance of the evidence, then you assess his damages. If you find the railroad has not been negligent, or if you should find that the act was the act of some malicious person who obstructed that road, and that the railroad was not negligent in removing such obstruction, in that event he could not recover, and it would be your duty to find for the defendant. If you find for the plaintiff, simply say: We find for the plaintiff— so many dollars and cents, writing it out in letters. If you find for the defendant, simply say: We find for the defendant. In either event, sign your name as foreman. Take the record, and find your verdict.

The jury found a verdict for the plaintiff in the sum of $2,500.

The defendant appeals on the following exceptions:

First. That his Honor, Judge Gary, erred, it is respectfully submitted, in granting his order of February 21st, 1896, in which, among other things, he directed, "that the defendant, the South Carolina and Georgia Railroad Com-

pany, do give to the plaintiff, J. R. Parker, or his attorneys, within ten days from this date, an inspection and a copy, or permit the said J. R. Parker or his attorney to take a copy of any books, papers or documents in the possession or control of the said South Carolina and Georgia Railroad Company, containing any evidence relating to a lease or any agreement by or under which they may have operated the Carolina, Cumberland Gap and Chicago Railroad, on or prior to the month of June, 1895;" in that it is respectfully submitted that upon the facts before his Honor at the time there was no foundation in the law for said order.

Second. That his Honor, Judge Gary, at the trial of the case, in his charge to the jury, erred in charging them, among other things, as follows: That "in estimating the damages, you are at liberty to take into consideration the doctor's bill;" in that it is submitted that there was no testimony in the case which warranted said charge, the testimony plainly showing that Parker had never incurred or paid a doctor's bill, but that, to the contrary, the doctors who attended him were employed by the railroad company, and looked to the railroad company for pay.

Third. That his Honor erred in not charging the defendant's second request to charge, as follows: "In this charge of negligence brought by the plaintiff against the defendant, the burden of proof of establishing the negligence is upon the plaintiff, and no presumption of negligence arises from the mere fact that the engine jumped from the track, or that the plaintiff was injured. In cases between passengers and a railroad company, when there is an accident, ordinarily there is a presumption of negligence; but in cases between the employees or servants of the railroad company and such railroad no such presumption arises from the occurrence of the accident which caused the injury complained of, and the burden is upon the plaintiff to satisfy the jury that there was negligence;" in that it is submitted that said request to charge is in accordance to law.

Fourth. That his Honor erred in not charging the de-

fendant's third request to charge, as follows: "That as between passengers and a railroad company, when an injury has happened, the measure of care is extraordinary care, and the company is held liable for the slightest negligence; but not so as between employees (as in this case) and the railroad company, where the measure is only the exercise of ordinary care and diligence;" in that it is submitted that the said request is in accordance with the law.

Fifth. That his Honor erred in not charging the defendant's fifth request to charge, as follows: "In a case like the present one, the proper inquiry is, not whether the accident might have been avoided if the company had anticipated its occurrence, but whether, taking the circumstances as they then existed, the company was negligent in failing to anticipate and provide against the occurrence. The duty imposed does not require the use of every possible precaution to avoid injury, nor that the company should have employed any particular means which it may appear, after the accident, would have avoided it. It was only required to use such reasonable precautions to prevent accidents as would have been adopted by prudent persons prior to the accident;" in that it is submitted that said request is in accordance with the law.

Sixth. That his Honor erred in not charging and refusing to charge the eighth request of the defendant, as follows: "The jury is further charged that the plaintiff must introduce evidence to show that the injury is more naturally to be attributed to the negligence of the defendant than any other cause, or he cannot recover. If the accident appears, upon the evidence, to be as consistent with the absence of negligence for which the defendant is responsible as with the existence of such negligence, the plaintiff must fail, and the verdict must be for the defendant;" in that it is submitted that said request is in accordance with the law.

Seventh. That his Honor erred in not charging the tenth request of the defendants, as follows: "An employee of a railroad company in entering into the service thereof

knows, or is taken to know, that there are extraordinary dangers inseparable from such a service which human care and foresight cannot always guard against. He is not bound to incur these unknown perils, incident to the service, and may refuse to do so; or he may, as far as can be done, provide for them, in the rate of compensation or otherwise; but if he voluntarily engages to serve, in view of all the hazards to which he will be exposed, it is well settled that, as between him and his employer, he undertakes to run all of the ordinary risks of the service; and this includes the risk of the injuries which may arise from an unexpected cause, and which could not be guarded against by the exercise of ordinary care and diligence; and if the jury in this case find from the evidence that the plaintiff was injured by such an accident, arising from an unexpected cause, which could not be guarded against by the exercise of ordinary care and diligence, he cannot recover;" which request to charge, we submit, is in accordance with the law.

Eighth. That his Honor erred in not charging the defendant's thirteenth request, as follows: "That an employee who works defective machinery, knowing the defect, assumes the risk, and if injured from such defect, cannot recover, even if his employer knows it; in order to shift the responsibility to the employer, he must have promised to repair. In this case, the jury is charged, that if in February, 1895, Parker delivered the engine No. 6 to Blackwood, the repairing agent of the defendant, and they find he promised to repair it as to the parts claimed to be out of repair and dangerous, yet, if they further find that he did not do so, and Parker again accepted said engine and, in a dangerous condition known to him, ran it from time to time, until June 25th, 1895, and that from such condition of said engine he was then injured, he cannot recover, no matter how many times he again notified the agents of the company, unless they again promised to repair."

*Messrs. Henderson Bros.*, for appellant, cite: *Rule of*

*negligence as to injured employee:* 15 Wall., 538; 125 Pa. St., 259; 49 Am. St. R., 628; 77 Ill., 218. *Degree of care required of defendant:* 112 Ind., 404; 8 Am. & Eng. R. R. Ca., 214; 148 Mass., 143. *Risks that servant must assume:* 78 Am. Dec., 509; 17 Am. & Eng. R. R. Ca., 521. *Judge may state undisputed facts:* 47 S. C., 488; 27 S. C., 607; 34 S. C., 373; 36 S. C., 491; 33 S. C., 98; 40 S. C., 322. *Inspection of papers:* Code, 389; 24 S. C., 558.

*Messrs. Croft* and *Tillman* and *Sheppard Bros.*, contra, cite: *Inspection of papers:* Rev. Stat., 554; Code, 389; Rules of Court, 43, 44, 45. *Judge not required to use exact language of request:* 22 S. C., 483; 41 S. C., 194, 457, 542; 38 S. C., 213; 33 S. C., 98; 46 S. C., 203. *How charge considered:* 21 S. C., 400; 40 S. C., 234; 37 S. C., 343.

March 1, 1897. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This is an appeal from a judgment entered on a verdict, obtained by plaintiff against defendant, in an action to recover damages for injuries sustained by the plaintiff, occasioned, as is alleged, by the negligence of defendant, while plaintiff was in the employment of defendant as an engineer running one of the defendant's locomotives. The exceptions, for the purposes of this appeal, other than the first, are based upon alleged errors of omission and commission in the charge of the Circuit Judge, and, therefore, for a full understanding of the questions presented, it will be necessary that the requests to charge, together with the charge in full, as set out in the "Case," as well as the exceptions upon which the appeal is taken, should all be incorporated in the report of this case.

It seems that the disaster, which occasioned the injuries of which plaintiff complained, occurred on the line of the Carolina, Cumberland Gap and Chicago Railway Company, on the 25th of June, 1895, at which time, as plaintiff alleged in his complaint, the defendant company was operating the said Carolina, Cumberland Gap and Chicago Railway, under a lease or agreement executed

by the receiver of said last mentioned railway company.
This allegation it became necessary for the plaintiff to prove
under the general denial in defendant's answer; and as such
alleged lease was not on record in any of the offices in which
such a paper was required to be recorded, the plaintiff gave
due notice of a motion, based upon affidavits, for an order
requiring the defendant company to deliver to the plaintiff
a copy of the agreement under which the defendant com-
pany was operating the Carolina, Cumberland Gap and
Chicago Railway during the month of June, 1895. This
motion was heard by his Honor, Judge Ernest Gary, who,
on the 21st of February, 1896, granted the order to which
error is imputed by the first exception, upon the ground
that "upon the facts before his Honor at the time there was
no foundation in law for said order." It will be observed
that there is no particular specification of error in the ex-
ception, and hence it might possibly be disregarded, as too
general to require its consideration. But, waiving this, we
learn from the argument that the specific error complained
of is, that the object of the motion was to obtain a copy, or
inspection, of a document which the plaintiff desired to use
in making out his own case, and not of a document which
defendant proposed to use in making out its defense; and
that this Court has decided in two cases—*Cartee* v. *Spence*,
24 S. C., at page 558, and in *Jenkins* v. *Bennett*, 40 S. C.,
at page 400—that such is not the object of section 389 of
the Code, under which this motion was made. An exam-
ination of those cases, however, will show that no such
point was decided in either of those cases. While it is
true that in *Cartee* v. *Spence*, an intimation was thrown out
to the effect claimed by counsel for appellant, yet the Court
distinctly declined to decide the point, and rested its de-
cision, expressly, upon another ground. So in *Jenkins* v.
*Bennett*, the Court, in terms, declined to solve the doubt
suggested in *Cartee* v. *Spence*, resting its decision upon
another ground. Neither do we think it is necessary now
to decide what is the proper construction of section 389 of

the Code, for the reason that the order to which exception is taken, amounted, practically, to nothing. Copies or inspection of the papers desired, were not obtained under that order, and, therefore, appellant suffered no injury from it. The evidence that the defendant company was operating the Carolina, Cumberland Gap and Chicago Railway at the time of the accident seems to have been obtained another way—apparently in the mode suggested in *Cartee* v. *Spence*—and, so far as appears, no exception is taken to such evidence. It is manifest, therefore, that even if the order in question was erroneously granted, it was a harmless error. The first exception must be overruled.

The second exception is based upon the unfounded assumption that Drs. Hill and Tompkins were employed by the defendant company to attend the plaintiff, and that such company, and not the plaintiff, was liable to those doctors for their medical attention. There is nothing in the testimony to sustain such an assumption. Neither of the doctors in their testimony say that they were employed by the defendant company, or that they looked to it for payment of their bill. The fact that the defendant company, after the accident had occurred—how soon after does not appear—gave Messrs. Hill and Tompkins notice that an accident had occurred, in which plaintiff had been injured, is very far from showing that the company had employed these doctors to attend the plaintiff, or that it would be responsible for their bill. That notice was, manifestly, given in obedience to section 1690, in order to escape the penalty therein provided for. Indeed, the testimony shows that Messrs. Hill and Tompkins had already taken charge of the case and were rendering their medical services to the plaintiff, presumably with his consent, before the notice was given by defendant company to Messrs. Hill and Tompkins; and this would raise a liability on the part of plaintiff to pay for such services. The fact that the plaintiff had not paid the medical bill at the time of the trial amounts to nothing. If he was liable for it, as he

unquestionably was, the Circuit Judge was clearly right in instructing the jury that, in estimating the damages sustained by the plaintiff, they might take into consideration the amount of the doctor's bill. This exception must be overruled.

The third exception cannot be sustained. Inasmuch as the Circuit Judge had, in his general charge, instructed the jury that the rule was different in a case brought by a passenger from that in which the action is brought by an employee, and that in the latter case the plaintiff must make out a case of negligence by the preponderance of the evidence, it seems to us that the proposition of law upon which the second request is based had been already charged, and need not have been repeated, as demanded by this request. True, the same phraseology was not used, but nothing is better settled than that there is no error in declining to use the precise phraseology in which a request to charge is couched, provided the principle of law involved is correctly laid before the jury. The point of this exception seems to be, that there is error in not saying to the jury that, in a case like this, there was no presumption of negligence, as there would be in a case brought by a passenger, but that the burden of proof was upon the plaintiff to show negligence on the part of the defendant company. In the first place, we see nothing in the case which called for any such specific instruction. It does not appear that the plaintiff claimed that there was any presumption of negligence. And if there had been, the Judge's instruction to the jury held the plaintiff to the duty of showing, by the preponderance of the evidence, that the disaster was caused by the negligence of the defendant; and this was only another way of saying that the burden of proof was on the plaintiff to show negligence on the part of defendant.

The fourth exception must likewise be overruled for the same reason. The Judge had already charged the jury as to the difference in the degree of care required in case of a

passenger and in a case brought by an employee, and there was no error in omitting to repeat that instruction.

The fifth, sixth, and seventh exceptions cannot be sustained, for the reason that the propositions of law upon which the requests therein referred to are based were sufficiently covered by the charge of the Circuit Judge, and there was no error on his part in refusing to repeat those propositions in the language which appellant saw fit to present those requests.

It only remains to consider the eighth exception, which must also be overruled. The law in reference to the case of an employee who uses defective machinery or appliances after knowledge of such defect was, it seems to us, fully and correctly stated by the Circuit Judge, and for this reason there was no error in refusing to charge defendant's thirteenth request. In addition to this, such an instruction as was there requested would have been an invasion of the province of the jury; for, as was said in *Lasure* v. *Graniteville Manufacturing Co.*, 18 S. C., at page 281: "It does not follow necessarily that a servant is guilty of contributory negligence because he remains in the service of his master after he has knowledge of defects in the machinery or appliances with which he is furnished to perform his work, but it is a question of fact for the jury to determine under all the circumstances of each particular case;" citing Wood on Master and Servant, sec. 357; *Snow* v. *Housatonic Railroad Company*, 8 Allen, 441.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.