## 10585

### WELLS v. HOLMAN.

#### (106 S. E. 224)

DISCOVERY—PLAINTIFF CAN INSPECT BOOKS OF OPERATIONS NECESSARY TO DETERMINE HIS SHARE IN THE RESULTING PROFITS.—Where it was admitted that plaintiff had a right under a contract to a share in the farming and mercantile operations of defendant for specified years, he is entitled to an order permitting him to inspect such books and papers in the possession of the defendant or under his control which show the net profits of defendant from such transactions.

Before MENDEL L. SMITH, Special Judge, Sumter, April, 1920. Affirmed.

Action by F. A. Wells against Dr. F. K. Holman. From order requiring the defendant to produce his books and papers, the defendant appeals.

The order referred to in the opinion was as follows:

This order is passed pursuant to a motion duly noted and made me on behalf of the plaintiff, who seeks to procure an inspection and copy, or permission to take a copy, of the books, papers, and documents in the possession of or under the control of the defendant, the same being those kept by the defendant showing the farming operations and the mercantile operations, the storage and sale of cotton which was raised or purchased during the years 1914 and 1915. After hearing argument for and against this motion, I am convinced that in the exercise of my discretion the said motion should be granted.

It is therefore ordered that the defendant, F. K. Holman, do, within five days from the date of this order, give to the attorneys for the plaintiff an inspection and copy, or the opportunity and permission to take a copy of such books, documents and papers as are in the possession of or under the control of the defendant, or his attorney, that show the farming operations and the mercantile operations out of which the plaintiff was to have a percentage of the net profits for the years 1914 and 1915, including such as show the sales and other disposition of the produce raised and purchased in connection with said farming and mercantile transactions for said years; in other words, both the complaint and answer having alleged that the plaintiff was to have a certain percentage from the net profits from the farming operations and mercantile operations, including the net profits realized from the share croppers and from the purchase and sale of cotton for the years 1914 and 1915, I hold that the plaintiff is entitled to such inspection of the books, documents and papers made by or for the defendants in the or-

dinary course of such farming. and mercantile operations, showing the facts and figures upon which a settlement between them would necessarily be based, and not such papers as would be of a purely private nature, but rather those partaking of the nature of mutual entries of account showing the items necessarily relevant in a bona fide. settlement between the parties.

The second part of the motion with regard to any possible refusal of the defendant to comply with this order will not be passed upon now, as I hold it would more properly come up when some exigency demands it.

*Marion W. Seabrook, Esq., for appellant,* cites : Sec. 427, , Code Proc. 1912 *is to enable a party to avoid surprise but not to provide means to force his adversary to prove his case :* 24 S. C. 550; 40 S. C. 395; 18 S. E. 929; 48 S. C. 80; 26 S. E. 1; 48 S. C. 364; 26 S. E. 669. *Order was one involving the merits and as such appealable :* Sec. 11 Code Proc 1912; *and finally determines a substantial right in the case :* 8 S. C. 112; 11 S. C. 122. *Orders based on error of law and prejudicial to trial are appealable :* 32 S. C. 102; 34 S. C. 345; 36 S. C. 559. *Exercise of discretion without authority may be challenged :* 110 Me. 441.

*Messrs. Rayman Schwartz and Epps & Levy* for respondent.

March 12, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

For the reasons assigned by his Honor the Circuit Judge, the order made by him is affirmed.

Mr. JUSTICE WATTS and Mr. JUSTICE FRASER concur.

Mr. JUSTICE COTHRAN : I concur in the judgment affirming the order of the Circuit Judge, but, as the appeal raises squarely the issue whether or not the documentary

evidence to an inspection of which a moving party may be entitled under section 427 of the Code is limited to such as the adverse party expects to use on the trial of the case, and does not include such as the moving party may desire to obtain from his adversary for his own use, I think that this issue should be determined.

In the case of *Cartee v. Spence,* 24 S. C. 550, the Court throws out a very strong intimation that it is so limited, but declines specifically to decide the question. So in *Jenkins v. Bennett,* 40 S. C. 393, 18 S. E. 929, and *Parker v. Railroad Co.,* 48 S. C. 364 26 S. E. 669, the doubt suggested in *Cartee v. Spence* was not resolved, but passed over as not being involved, all these opinions having been written by the same great Judge (CHIEF JUSTICE McIVER.) No subsequent case has been found by me or pointed out by counsel.

Even an intimation from so profound an authority would incline me to follow it almost without question, if it were not so opposed to my preconceived conviction of the purpose of the section, the very terms of the section, and the numerous authorities upon the subject. The question is an important one of practice, and I think it should be settled in view of the doubts suggested in the cases above cited.

In the first place, the terms of the section impose no limitation upon the character of the documentary evidence other than "containing evidence relating to the merits of the action or the defense therein." This is extremely broad, and covers not only evidence which the adversary may expect to use in his interest, but such as the moving party may desire to obtain in his interest. It must be assumed that the exercise of the discretion lodged in the Circuit Judge will prevent an abuse of this privilege in an attempt to embark upon a "fishing excursion" or to pry into the private concerns of the adversary.

It is manifestly in the interest of a determination of a controversy according to the justice and right of the matter; it works against surprise; it is conducive to that preparation of a case which insures dispatch in the conduct of the litigation and an intelligent disposition of the real points of controversy.

The particular controversy between these parties demonstrates the utility of the proceeding. Here is an admitted contract covering extensive farming operations, the compensation of the plaintiff to be determined upon the basis of net profits; all record evidence of these operations is in the hands of the defendant; it is essential to the plaintiff's interest that he have access to these records.

That the applicant was, under the circumstances, entitled to the order is established by the following authorities:

"He is entitled to production or inspection only when the same is material and necessary to establish his cause of action." 14 Cyc. 370.

"A production or inspection of papers will be granted where the applicant has an interest or right in them which justifies an unlimited inspection and the right is the attendant of the relief to which he is entitled. This is the case with books * * * of an employer at the instance of his employee, where the employee is to be paid by a percentage of the business done by the employer, or of books showing the profits of a joint venture, at the instance of one of the parties interested therein. In all such cases the production of all books and documents can be compelled on the ground of common interest." 14 Cyc. 369; 18 C. J. 1117, 1119.

"The remedy can be granted only to obtain the disclosure of facts or the production of documents in his adversary's knowledge or possession or under his control, which are material and necessary to make out his own case"—that is, the appellant's. 9 R. C. L. 174.

The ruling is the opposite of the intimation in *Cartee v. Spence,* supra, and is emphasized by the immediately following declaration:

"The right does not extend to a discovery of * * evidence which relates exclusively to the 'adverse party' case."