## JENKINS v. BENNETT.

1. ACTION EX DELICTO—SURVIVAL.—A complaint which alleges a building contract between plaintiff and defendants by defendants' acceptance of plaintiff's bid, and that plaintiff was always ready to perform said contract, but that defendants hindered and prevented plaintiff from performing the same, to his damage, by the loss of direct profits, in the sum of five thousand dollars, states a cause of action *ex delicto*, without resulting gain or advantage to defendants; and, therefore, on the death of one of the defendants, the action could not be revived against the estate.

2. INSPECTION OF PAPERS.—Before an order is passed requiring a party to permit an inspection of papers in his possession by the adverse party, facts

must be shown to enable the court to determine that its discretionary power should be exercised, and that there is a necessity for invoking the power of the court.

3. IBID.—In action for damages for hindering plaintiff from carrying out his building contract with defendants, the plaintiff is not entitled to demand of defendants an inspection of the contract made by them with a third person under which the building was constructed.

4. IBID.—COSTS.—In reversing an order, the provision as to costs is reversed also; nor should costs be allowed on a motion to require an inspection of papers, when it does not appear that such inspection had ever been refused.

5. IBID.—ATTACHMENT.—An order requiring an inspection of papers should not provide for an attachment in case of refusal. Such harsh remedy should be enforced under rule to show cause after refusal.

Before KERSHAW, J., Charleston, March, 1892.

The complaint in this case was as follows :

The above named plaintiff, Edward N. Jenkins, complaining of the above named defendants, Elizabeth H. Bennett and Mary J. Ross, alleges :

First. That the plaintiff is a contractor and builder, residing in Charleston County, South Carolina, and that the above named defendants were, at the times hereinafter mentioned, seized in fee simple and the owners of a certain piece of property known as the Old American Hotel, situate on the corner of King and George streets, in the city and County of Charleston, State aforesaid.

Second. That on the first day of October, 1890, said defendants, by their agent, John H. Devereux, architect, published in the Charleston News and Courier the following advertisement :

OFFICE OF JOHN H. DEVEREUX, ARCHITECT,

CHARLESTON, S. C., September 29, 1890.

Proposals will be received until Monday, the 20th day of October, 1890, for the work of furnishing the materials and labor required to alter and improve the Old American Hotel property, at the corner of King and George streets, according to plans and specifications, to be seen at my office, and at the rooms of the Builders' and Dealers' Exchange, in this city. The bids will be open at 12 M. on Monday, 20th October, 1890, by

the president of the Builders' and Dealers' Exchange, in the presence of the architect and such of the bidders as may desire to be present. The right is reserved to reject any and all bids.

JOHN H. DEVEREUX, Architect.

Third. That thereafter, in response to said advertisement, on the 20th day of October, A. D. 1890, this plaintiff, at the Builders' and Dealers' Exchange aforesaid, according to the terms of said advertisement, offered to John H. Devereux, agent of said defendants, and put in a bid to do said work as aforesaid, and furnish the labor and material therefor in accordance with said plans and specifications, for the sum of nineteen thousand and two hundred dollars.

Fourth. That the defendants, through their agent, the said John H. Devereux, thereupon accepted the said bid of this plaintiff, and thereby contracted and agreed to pay this plaintiff nineteen thousand and two hundred dollars, in consideration of the performance by this plaintiff of the work of furnishing the materials and labor required to alter and improve the Old American Hotel property, at the corner of King and George streets aforesaid, according to said plans and specifications so contracted and agreed by this plaintiff with the defendants to be done by this plaintiff at said price.

Fifth. That then and thereafter this plaintiff was always ready, able, and willing to perform the said contract on his part, and duly offered then forthwith and from time to time to perform and complete the same, and to do all things necessary and usual for securing the same to be done.

Sixth. That said defendants, in breach of the said contract, thereafter continuously hindered and prevented this plaintiff from performing the same, to the damage of this plaintiff by the loss of the direct profits on said contract in the sum of five thousand dollars.

Wherefore, plaintiff demands judgment against said defendants in the sum of five thousand dollars, together with the costs of this action.

The appeal was heard on December 12, 1892, and a further argument having been ordered "on the question whether the right of action survives against the defendant, Mary J. Ross,

as administratrix of the above named Elizabeth H. Bennett, who has died since the commencement of this action, as well as against the said Mary J. Ross in her own right," the case was again argued on November 29, 1893.

*Messrs. C. B. Northrop* and *J. P. K. Bryan*, for appellant.

*Messrs. McCrady & Bacot*, contra.

February 22, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.    This action was commenced by the plaintiff against the defendants on the 12th of October, 1891, to recover damages for the loss of profits on a contract which he alleged the defendants hindered and preventing him from performing.    In the complaint (a copy of which should be incorporated in the report of the case), the plaintiff alleges substantially as follows: 1st. That he is a contractor and builder, and that the defendants were "seized in fee simple and the owners of" certain real property in the city of Charleston known as the Old American Hotel.    2d. That on the 1st day of October, 1890, the defendants, by their agent, Devereaux, an architect, advertised for proposals "for the work of furnishing the materials and labor required to alter and improve the Old American Hotel property * * * according to plans and specifications" to be seen at the office of said architect and at the rooms of the Builders' and Dealers' Exchange; and that the bids would be opened at said exchange on the 20th day of October, 1890, the right of rejecting any and all bids being reserved.    3d. That on said 20th of October the plaintiff put in a bid to do said work, and furnish the labor and materials therefor, according to said plans and specifications, for the sum of $19,200.    4th. That defendants, by their said agent, accepted said bid, "and thereby contracted and agreed to pay this plaintiff nineteen thousand and two hundred dollars, in consideration of the performance by this plaintiff of the work of furnishing the materials and labor required" to do the work advertised for.    5th. "That then and thereafter this plaintiff was always ready, able, and willing to perform the said contract on his part, and duly offered then forthwith and from time to time"

to perform the same.   6th.   "That said defendants, in breach
of the said contract, thereafter continuously hindered and pre-
vented this plaintiff from performing the same, to the damage
of this plaintiff, by the loss of the direct profits on said contract,
in the sum of five thousand dollars," for which sum, with costs,
judgment is demanded.

After issue was joined, the defendant, Elizabeth H. Bennett,
departed this life intestate, and on the 24th of February, 1891,
letters of administration upon her personal estate were duly
granted to the other defendant, Mary J. Ross; and on the 3d of
March, 1892, a notice was served on Messrs. McCrady, Sons &
Bacot, defendants' attorneys (they having signed the original
answer of the defendants as such), of a motion "to continue the
above named action against Mary J. Ross as administratrix of
Elizabeth H. Bennett, deceased, and against her individually."
This motion was heard by his honor, Judge Kershaw, who
granted an order continuing the action "against the represen-
tative of the said Elizabeth H. Bennett, deceased, and also
against Mary J. Ross individually."   From this order, Mary
J. Ross, in her own right and as administratrix of Elizabeth
H. Bennett, appeals upon the several grounds set out in the
record, which need not be set out here, as they raise substan-
tially but a single question, to wit: whether the right of action
in this action survives.

The solution of this depends largely upon the nature of the
action—whether it is an action *ex contractu* or an action *ex de-
licto*.   If it is the former, then the general rule is that
the right of action does survive; but if the latter, then
it does not, unless the wrong which is the basis of the
action has resulted in some gain or advantage to the estate of
the wrong-doer.   *Huff* v. *Watkins*, 20 S. C., 477, and especially
the case of *Caldwell, administrator*, ads. *Ford*, Riley, 285–6,
where Richardson, J., explains the reason for the exception to
the general rule, that actions *ex delicto* do not survive.   Now
what is the nature of the present action?   To answer this
question, we must look alone to the allegations of the complaint,
for that contains all that we can properly know of it.   Looking
to that source, we find that while the complaint does set forth

a contract that the plaintiff was to do certain work for the defendants, in consideration whereof the defendants were to pay the plaintiff a specified sum of money, yet there is no allegation of any breach of *that* contract; and it is difficult to conceive how any such allegation could have been made, for under the contract, as stated in the complaint, there was no duty or obligation imposed upon the defendants until after the work was done; and as there is no allegation that any work was ever done, it is somewhat difficult to understand how it could be said, with any propriety, that the defendants had committed any breach of such contract. There is no allegation that the plaintiff had incurred any expense or made any outlay in preparation for the work, or that plaintiff had been deprived of the opportunity to obtain another job, but the only wrong complained of is that he was hindered and prevented by the defendants from performing said work, and the only damages claimed is, not any *actual* damages sustained by reason of loss of time or expense incurred in preparing to do the work, but simply the damages resulting from the loss of profits which he expected to make by performing the contract.

It is also to be observed that the complaint does not state *how* the plaintiff was prevented by the defendants from performing the contract, but how that was effected is left entirely to conjecture. If this was effected by the use of force or other like means—if the defendants had unlawfully procured the arrest and imprisonment of the plaintiff or had driven him from the country—then, clearly, the wrong complained of would have been a tort, remediable by an action *ex delicto* and not by an action *ex contractu.* The wrong complained of was not any breach of the terms of the contract, nor did it arise out of any expense incurred in preparing to perform the work contracted for, as none such is alleged; but the only wrong complained of is in hindering and preventing plaintiff from performing said work, by some means not stated, and that was clearly a tort, and not a breach of the contract set forth in the complaint. In *Hammond* v. *N. E. Railroad Company,* 6 S. C., 130, the plaintiff, who was a mail agent, entrusted with the charge of mail matter transported over the railroad of the defendant company under

a contract with the United States Government, one of the terms of which was that the mail agent should be transported free of charge, brought his action to recover damages for injuries sustained by reason of the negligence of the defendant while traveling over said railroad. The court held that the action was *ex delicto* not *ex contractu*, for the contract under which the plaintiff was transported free of charge had nothing to do with the matter, the wrong complained of being the tort of the defendant company. This, then, according to our view, being an action *ex delicto* and not an action *ex contractu*, and there being no allegations in the complaint which would bring this case under any of the recognized exceptions to the general rule, we must hold that the Circuit Judge erred in holding that plaintiff's right of action survived, and in granting the order appealed from.

The defendants also appeal from another order made in this case, requiring the defendants or their representatives to permit the plaintiff or his attorneys or agents to inspect and take copies of certain papers mentioned in the order. In the notice of the motion for said order, it is stated that the motion would be based upon the pleadings in the action and the accompanying affidavit of the plaintiff. In that affidavit it is, amongst other things, stated "that subsequently to the publication of said advertisement (referring to the advertisement hereinbefore referred to, calling for bids to furnish materials and do the work proposed to be done on the Old American Hotel), there was a written contract entered into by these defendants and one John D. Murphy, to perform the work and furnish the materials for remodeling the said American Hotel." And it is further stated, "that said plans and specifications (referring to the plans and specifications originally prepared by the architect, Devereux,) and said contract contain evidence relating to the merits of the above named action; that he has not the possession and control of said papers, nor has he copies thereof, but deponent says he verily believes that the same are in the possession or under the control of defendants or their representatives." Upon this showing the order in question was granted, which concludes in these words: "Fur-

ther ordered, that, if the defendants or their representatives fail to comply with this order, that said papers shall be excluded on the trial of the cause, if offered in evidence by defendants, or on their behalf, and that plaintiff be allowed to give parol evidence of their contents if he be so advised; or this order may be enforced by attachment as for contempt. That plaintiff have ten dollars costs herein.''

Section 389 of the Code, upon which the application for this order is based, or rather so much thereof as relates to this matter, reads as follows: ''The court before which an action is pending, or a judge or justice thereof, may, in their discretion and upon due notice, order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy, of any books, papers, and documents in his possession or under his control, containing evidence relating to the merits of the action or the defence therein. If compliance with the order be refused, the court, on motion, may exclude the paper from being given in evidence, or punish the party refusing, or both.'' Inasmuch as we are satisfied that the order in question was erroneously granted on other grounds, we will not stop now to consider whether the doubt expressed as to the scope and intention of this section in *Cartee* v. *Spence*, 24 S. C., at page 558, is or is not well founded; especially as it does not appear from the moving papers in this case whether the object of the inspection asked for is to obtain evidence to be used by the plaintiff, or to ascertain what is the documentary evidence to be used by the defendants.

We think it clear, that before this somewhat extraordinary power should be exercised, the moving party should show, at least *prima facie*, such fact or facts as would enable the court to exercise its discretion as to whether such a power as is invoked should be exercised. Now, in this case no *facts* of any kind are stated in the affidavit upon which the motion was based. The bald statement, that the papers desired to be inspected ''contain evidence relating to the merits of the action,'' is nothing more than an expression of the plaintiff's *opinion*, and cannot be regarded as a statement of any *fact*. Again, we think that there should be some statement showing a necessity

for the exercise of such a power. It does not appear that any request or demand to be permitted to make the inspection has been made and refused. For aught that appears, such a demand or request would have been complied with; and this, we think, ought to have appeared, especially before any order, mulcting defendants with costs, should have been granted. In addition to this, it does appear that plaintiff had already enjoyed the opportunity of inspecting the plans and specifications for a period of at least twenty days, of which we must infer the plaintiff had availed himself; and no reason is stated or even suggested why another inspection was necessary.

As to the contract alleged to have been made with Murphy, it is impossible for us to conceive how it could throw any possible light upon the merits of the present action. Indeed, so far as appears, an order requiring the inspection of any other papers in any way relating to the Old American Hotel property might just as well have been asked as for the inspection of the contract with Murphy. We do not think that the power conferred by section 389 of the Code can be invoked for the purpose of gratifying mere idle curiosity, or possibly a worse motive; though, of course, we are not to be understood as even intimating that the plaintiff was actuated by any improper motive in applying for the order in question, but we are simply considering the conditions upon which the power conferred by that section can be exercised. It seems to us that the order was erroneously granted, and should, therefore, be reversed; not because the Circuit Judge erred in the exercise of his discretion, but because the moving papers showed no facts upon which his discretion could be exercised.

As to the appeal from that portion of the order imposing the costs of the motion upon the defendants, it may be possible that we would have no authority to consider it, if it stood alone; but when the order is reversed, the provision requiring payment of costs must go with the order. See *Singleton* v. *Allen*, 2 Strob. Eq., 166. We must add, however, that we do not think this was a case for costs, unless it had appeared that the order asked for was rendered

26—40

necessary by the refusal of defendants to allow the inspection of the papers referred to.

We must also say that we think it was error to impose a penalty, especially so harsh an one as an attachment for contempt, before it was ascertained judicially that defendants had refused or failed to comply with the order, without good reason. It seems to us that the provisions of the section of the Code above referred to plainly imply that upon the refusal or failure to comply with the order, a motion should be made, under a rule to show cause, for the imposition of the penalty, as it may be that the defendants might be able, in their return to such rule, to show sufficient reason for their failure to comply. See *Kennesaw Mills Company* v. *Walker*, 19 S. C., at page 112–3.

The judgment of this court is, that both of the orders appealed from be reversed.