9665

THOMAS *ET AL.* v. SPARTANBURG RY., GAS & ELECTRIC COMPANY.

(91 S. E. 973.)

1. DISCOVERY — SHOWING REQUIRED — STATUTE. — In administering the remedy of discovery, under Code Civ. Proc. 1912, secs. 427, 428, *et seq.*, the rules that formerly obtained in equity as to the showing required, etc., which have not been changed by statute, are generally adhered to.

2. DISCOVERY — APPLICATION — PRIMA FACIE SHOWING. — To warrant a Court in exercising the power of granting discovery under statute, the moving party should show, at least *prima facie,* such facts as will enable the Court to form its own opinion.

3. DISCOVERY — STATUTE — AFFIDAVIT — SUFFICIENCY. —Under Code Civ. Proc. 1912, secs. 427, 428, *et seq.*, an order to compel defendant to furnish a paper should not be granted upon an affidavit which merely assumes existence of paper and fails to show that the persons applied to for inspection had possession at time of application and refused to allow inspection, or that inspection is necessary for prosecution of action.

4. DISCOVERY — PERSONS WHO MAY BE EXAMINED. — Under Code Civ. Proc. 1912, secs. 427, 428, *et seq.*, a bill of discovery should not be granted for examination of parties not officers or agents of a corporation to be examined.

5. APPEAL AND ERROR — ORDER — SETTLING CASE—IRRELEVANT MATTER.— An order settling the case, which required appellants to print a great deal of irrelevant matter in the "case," will be reversed on appeal.

Before SEASE, J., Spartanburg, May, 1916. Reversed.

Action by A. J. Thomas and others against the Spartanburg Railway, Gas & Electric Company and another. From an order allowing plaintiffs to examine as witnesses officers of the unnamed defendant, and an order settling the "case," defendants appeal.

*Messrs. Sanders & DePass,* for appellants, cite: *As to discovery:* Code Civ. Proc., secs. 429 and 430; 40 S. C. 393, 400; 24 S. C. 558; 14 Cyc. 342, 346, 347, 348. *Appeal lies:* Code Civ. Proc., sec. 11 s. d. D.; 101 S. C. 191.

*Messrs. Nicholls & Nicholls, Gwynn & Hannon* and *Jno. Gary Evans,* for respondent, cite: 89 S. C. 579; 98 S. C. 196.

March 29, 1917.

The opinion of the Court was delivered by Mr. Justice Hydrick.

Plaintiffs brought this action to recover of defendants the penalties provided by statute (sections 3949, 3950, vol. I, Civ. Code 1912) for failure of defendants to provide their cars with fenders, and alleged, *inter alia,* that the defendant, Spartanburg Railway, Gas & Electric Company, became liable for the penalties from February 23, 1910, the date the statute became effective, until the latter part of 1912, when the defendant, the South Carolina Light, Power & Railways Company, "obtained all or a part of the stock of the said Spartanburg Railway, Gas & Electric Company and assumed control of same, enjoying all the rights and privileges, and incurring all the liabilities and penalties, of its predecessor," and that, since that time, the defendant, South Carolina Light, Power & Railways Company, has incurred and is liable for such penalties, to wit, $10 a day for every day that its cars were operated without fenders.

The defendants filed separate answers, and each denied liability upon numerous grounds, unnecessary to mention here, and pleaded a misjoinder of actions. Some time after the filing of the answers, defendants gave notice that, on the call of the case for trial, they would move to require plaintiffs to elect against which defendant they would go

to trial.  On May 23, 1916, on motion of plaintiffs, the Court ordered F. H. Knox and W. S. Glenn to appear and be examined by plaintiffs as witnesses and officers of the defendant, South Carolina Light, Power & Railways Company.  From that order the defendants appealed, and also from an order settling the "case."

Plaintiffs sought to take the testimony of the witnesses named under the provisions of chapters 5 and 6, sections 427, 428, *et seq.,* of the Code of Civil Procedure, which take the place of the former equitable remedy by a bill of discovery.  *Hall* v. *Joiner,* 1 S. C. 186. Therefore, in administering the statutory remedy, the rules that formerly obtained in equity as to the kind of showing that it was necessary to make to obtain discovery, and as to when discovery would be allowed, and to what extent are generally adhered to, except where they have been abrogated or modified by statute.  9 R. C. L. 166, 181; 14 Cyc. 340, *et seq.*

The motion in this case was made upon the pleadings, and upon a written request previously served upon defendants' attorneys, to which no response appears to have been made, and on affidavit of Mr. Gwynn, one of plaintiffs' attorneys.  The request is to the effect that plaintiffs' attorneys be permitted to inspect and copy, or that defendants' attorneys furnish them with a copy of the documentary evidence or records showing that the Spartanburg Railway, Gas & Electric Company sold all its property and franchises to the South Carolina Light, Power & Railways Company, as alleged in the answer of said defendant, and the evidence in support of the denial therein that said defendant incurred any of the liabilities or penalties of its predecessor.  The request proceeds:

"If you cannot do this, or decline to do so, tell us where the information can be found, or give us a statement of one of the officers of the companies, either Mr. Knox or Mr. Glenn, covering the matters in question.  This may be

more convenient and expeditious. A statement of any responsible person who knows the facts will be satisfactory to us."

The substance of Mr. Gwynn's affidavit is that he had received a letter from the Secretary of State to the effect that the records in that office do not show any connection between these defendants; that he had examined the city and county records, without being able to find any evidence of such connection; that he had made inquiry of "every individual whom he thought knew anything about the transaction, that deponent thought would be willing to disclose the same;" that defendants have refused to give any information; that "deponent believes it will be necessary for the defendant to use the papers or documents, or evidence of same, at the trial to make his defense, and that unless the plaintiff is allowed an inspection of, or allowed to make or have a copy, it will be impossible for him to prepare and properly prosecute his cause of action."

In *Jenkins* v. *Bennett,* 40 S. C. 393, 18 S. E. 929, Chief Justice McIver, speaking for the Court with regard to the examination of a party under the statute, said:

"We think it clear that, before this somewhat extraordinary power should be exercised, the moving party should show, at least *prima facie,* such fact or facts as would enable the Court to exercise its discretion as to whether such a power as is invoked should be exercised. Now, in this case no *facts* of any kind are stated in the affidavit upon which the motion was based. The bald statement, that the papers desired to be inspected 'contain evidence relating to the merits of the action,' is nothing more than an expression of the plaintiff's *opinion,* and cannot be regarded as a statement of any *fact.* Again, we think that there should be some statement showing a necessity for the exercise of such a power. It does not appear that any request or demand to be permitted to make the inspection

has been made and refused. For aught that appears, such a demand or request would have been complied with; and this, we think, ought to have appeared."

When analyzed, the showing made by plaintiffs in this case appears to be clearly insufficient under the rule stated in *Jenkins* v. *Bennett, supra,* to warrant the exercise of the discretion vested in the Court by the statute. In the first place, it is not stated positively, or even upon information and belief, that any such paper as plaintiffs desire to inspect and copy is in existence; that such a paper exists is merely assumed, without stating any fact upon which such assumption may be predicated. The South Carolina Light, Power & Railways Company denied in its answer that it assumed liability for penalties incurred by its predecessor, which, by necessary implication, is a denial of the existence of any such paper. Moreover, if there is any such paper in existence, it is not stated positively, or even inferentially, that any of the persons applied to for permission to inspect and copy it had possession of it at the time of such application and refused to allow plaintiffs to inspect and copy it. Mr. Gwynn does not say that he applied either to Mr. Knox or Mr. Glenn to ascertain whether any such paper is in existence, and, if so, to be allowed to inspect and copy it. On the contrary, the inference from his affidavit is that he did not apply to either of them, for he says that he applied only to those "whom he thought would be willing to disclose the same," without giving the name of a single person to whom he applied, except the defendants' attorneys. Clearly they were under no legal obligation to comply with his request, and plaintiffs do not seek to have them examined.

Furthermore, no facts are stated from which the Court can conclude that discovery of such paper, if it be in existence, is necessary to the prosecution of plaintiffs' action. We have only Mr. Gwynn's opinion that it is. Facts should have been stated which would have enabled the Court to

8—107.

form its own opinion.   In the last part of the affidavit, above quoted, Mr. Gwynn says that he believes that it will be necessary for defendant to use the paper to make out its defense, and, unless he is allowed to inspect and copy it, it will be impossible for plaintiffs to prepare and prove their cause of action, which seems to be a *non sequitur;* for, if defendants must use it to make out their defense, they will have to produce it at the trial, and put it in evidence, and then plaintiffs can avail themselves of it for what it may be worth in making out that part of their cause of action which depends upon the assumption by one of the defendants of the liability incurred by its predecessor.   Plaintiffs really want defendants to furnish them with information which will enable them to decide which one of the defendants they have the best cause of action against, and which one it will be best for them to elect to proceed to trial against.

Again, it is not stated positively, or even on information and belief, that Mr. Knox and Mr. Glenn are officers of the defendant corporations, or either of them.   That, too, seems merely to have been assumed.   If they are not officers or agents of the corporation to be examined, clearly plaintiffs have no right to examine them under the provisions of the Code under which this motion was made; nor is it stated, either positively, or on information and belief, that either of them has such paper, or has ever had or seen it.   Plaintiffs' purpose appears to be merely to fish for evidence.

In this view of the case it becomes unnecessary to decide whether discovery on the part of a corporation may be compelled, in a proper case and upon proper showing therefor, by examination of its agents or officers, who are not parties to the action, as to which no opinion is expressed.   The question is not raised, and, therefore, we do not decide whether, in the absence of a statute modifying the general rule of evidence, a party to an action, whether individual or

corporation, can be required to discover evidence that would subject him to a penalty or forfeiture. But see 9 R. C. L. 179; 14 Cyc. 335; 1 Greenf. Ev., sec. 451.

The order settling the "case" must also be reversed, because it required appellants to print a great deal of irrelevant matter, in violation of the rules of this Court. The "case" proposed by appellants contained all that was necessary for a proper presentation of the questions made by the appeal. If anything, it contained more than was necessary, for it proposed to set out the pleadings in full, when they should have been briefed, omitting matters irrelevant to this appeal. The amendment proposed by respondents to print the entire record was improper, and should not have been allowed. If there had been anything in the record that would throw light upon the questions raised by the exceptions, that alone should have been offered as an amendment.

Both orders are reversed.