ALFRED EPSTEIN, PLAINTIFF, v. THE AMERICAN HAM-
MERED PISTON RING COMPANY, DEFENDANT.

Argued November 3, 1920—Decided March 24, 1921.

1. Section 144 of the Practice act, as amended (*Pamph. L.* 1914,
   *p.* 151), providing for the examination of an adverse party to
   litigation before trial without procuring an order for that pur-
   pose, is constitutional.
2. It is within the power of the legislature to require the plaintiff
   to submit to examination before trial upon the mere service of a
   subpœna *ad testificandum.*
3. To subject a recalcitrant witness to the charge of a contempt,
   it must be shown that he has violated some order or direction of
   the court.

---

On rule to show cause.

Before Justices TRENCHARD and MINTURN.

For the rule, *McCarter & English.*

*Contra, Frank E. Bradner.*

PER CURIAM.

The purpose of the rule is to require the plaintiff to show cause why he should not be adjudged guilty of a contempt of this court, for refusing to answer certain questions propounded to him by the defendant's attorney, before a Supreme Court commissioner, under the provisions of section 144 of the Practice act as amended by *Pamph. L.* 1914, *p.* 151.

The amendment is intended to enable any party to an action to examine the adverse party before trial after issue joined without procuring an order for the purpose, upon service of the usual form of subpœna and the payment of the necessary fee.

In this instance the plaintiff appeared in pursuance of the service, but refused upon direction of his counsel to answer any questions "upon the ground of the alleged unconstitutionality of the act in requiring such examination without the order of the court." In these circumstances the rule to show cause was granted. We think the act is constitutional, and that it was within the power of the legislature to require the plaintiff to submit to examination before trial upon the mere service of a subpœna *ad testificandum.* The practical difficulty in the case is presented by the plaintiff's failure to answer questions, and the application for his punishment for such refusal. This situation presents a *lapsus* or *omissus* in the method of procedure, for concededly none is prescribed. To subject a recalcitrant witness to the charge of a contempt it must be shown that he has violated some order or direction of the court, and in this case no such order exists. So far as obedience to the mandate of the subpœna is concerned, he has appeared as required. The obvious difficulty of enforcing compliance with the legislative intent in the situation is due to the absence of a court order, in the first instance, or the propounding by examining counsel of certain specific

questions, which upon the witness' refusal to answer may be submitted to the court, and after argument *pro* and *con,* as to the legal relevancy of the same, an order may be made, which, if contemned, may present the basis for a rule to show cause. Without such an order an application in this case is premature, and must be denied.

The rule to show cause will therefore be discharged.