# 11060

## FOX v. CLIFTON MFG. CO.

### (114 S. E., 700)

DISCOVERY—RIGHT TO EXAMINE ADVERSE PARTY BEFORE TRIAL ABSO-
LUTE.—A party to an action is entitled, as a matter of legal right,
to examine his adversary before trial under Code Civ. Proc. 1912,
§ 428, without assigning any other reason than the mere fact that
the person sought to be examined is a party to the action.

Before SEASE, J., Spartanburg, March, 1922.   Reversed.

Action by Eva S. Fox against the Clifton Manufacturing
Company. From an order revoking a previous order re-
quiring plaintiff to appear and be examined as a witness,
defendant appeals.

*Messrs. Bomar, Osborne & Brown,* for appellant, cite:
*Examination sought under Sec.* 430, *et seq., Code Proc.*
1912: 80 S. C., 74; 9 R. C. L., 80.

*Messrs. C. P. Sims and L. G. Southard,* for respondent,
cite: *Order of examination properly refused:* 91 S. E.,
973; 40 S. C., 393.

December 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE
COTHRAN.

---

Note: On right to discovery by bill where the statute provides for
the examination of a party before trial, see note in 24 L. R. A., 183.

Appeal from an order of Circuit Judge Sease revoking a previous order issued by him requiring the plaintiff to appear before him and be examined as a witness under Section 428, etc., of the Code of Civil Procedure.

The action for damages on account of personal injuries was commenced February 6, 1922. The date of the injury is not given in the complaint. The defendant duly answered the complaint, and on March 3, 1922, obtained from Judge Sease an order requiring the plaintiff to appear before him on March 11, 1922, and be examined as a witness in reference to the issues involved in the case. The attorneys for the plaintiff immediately gave notice that they would move Judge Sease for an order revoking his order of March 3. This motion was heard on the day appointed for the examination of the plaintiff, and after argument the Circuit Judge held that under the case of *Thomas v. Spartanburg Ry., etc., Co.,* 107 S. C., 109; 91 S. E., 973, before a party to an action is entitled to examine the adversary, under the provisions of the Code, he must show a good and valid reason upon which the Court can exercise its discretion in the matter; and that, as the defendant had made no other showing than that the plaintiff was a party to the action which, in his opinion, was not a sufficient showing, the revocation of the previous order must follow. He accordingly signed an order revoking it and refusing the defendant's application to have plaintiff examined. From this order the defendant has appealed.

The defendant takes the position that a party to an action is entitled, as a matter of legal right, to examine his adversary under said sections of the Code, without assigning any other reason than the mere fact that the person sought to be examined is a party to the action. This presents the issue of law to be determined; the defendant claims it is an absolute right, the Circuit Judge holds that it was a matter for

the exercise of his discretion upon a proper showing by the defendant.

No illumination of this question can be found in the rules which regulate the equitable remedy of discovery, for it is held in the case of *Hall v. Joiner,* 1 S. C., 186, that the right to examine an adversary party, conferred by the Code, is a new remedy and operated to destroy the pre-existing remedies in equity; and in the case of *Thomas v. Spartanburg Ry., Gas & Electric Co.,* 107 S. C., 109; 91 S. E., 973, that it operated to "take the place of the former equitable remedy by a bill in discovery." We are therefore effectually shut into a construction of the provisions of the Code. Nor are we aided at all by the cases which involve the right of a party, under Section 427, to secure an inspection of books, papers and documents in the possession of the adversary party. *Thomas v. Spartanburg Ry., Gas & Electric Co.,* 107 S. C., 109; 91 S. E., 973; *Jenkins v. Bennett,* 40 S. C., 393; 18 S. E., 929; *Wells v. Holman,* 115 S. C., 443; 106 S. E., 224; *Parker v. Railroad Co.,* 48 S. C., 364; 26 S. E., 669, for the reasons that the provisions of Chapter 5, § 427 (the only section in the chapter), relative to inspection of books, etc., is essentially different in several particulars from Chapter 6, containing Sections 428 to 436, relating to the examination of parties. The subjects are so different as to suggest assigning them to different chapters, Chapter 5 being entitled "Admission or inspection of writings" and Chapter 6, "Examination of parties." Chapter 5 authorizes an inspection of writings only upon three conditions: (1) Due notice to the adverse party of the application for the order; (2) the issuance of the order by a Court or a Judge or a Justice thereof; (3) the exercise of the Judge's discretion in the matter.

It was perfectly natural, therefore, that we should find in the decision construing this section language such as is found in *Jenkins v. Bennett,* 40 S. C., 393; 18 S. E., 929, quoted

with approval in *Thomas v. Spartanburg Ry., Gas & Electric Co.,* 107 S. C., 109; 91 S. E., 973.

"We think it clear that before this somewhat extraordinary power should be exercised, the moving party should show, at least *prima facie,* such fact or facts as would enable the Court to exercise its discretion as to whether such a power as is invoked should be exercised."

Now, turning to Chapter 6 relating to the examination of parties, we do not find any provision for an order by any one for the examination of the adverse party; consequently no provision. for an application for such order, and no provision for notice of such application, naturally finding no provision for an order by a Court or a Judge or Justice thereof, we find nothing indicating the exercise of a discretion by him and, of course, no implied requirement of an affidavit or other showing upon which such discretion is to be exercised. The only duties or powers imposed upon a Judge in connection with this matter are to preside at the examination, to change the time of notice if good cause be shown, to compel the attendance of the witnesses and to file the examination, it is assumed, with the Clerk of Court.

It has been suggested that the expressions found in Section 429, "may be examined," "may be compelled," denote the existence of a discretion lodged in some one, controlling the matter. There would be much force in the suggestion if some officer had been designated to order the examination. As the provisions stand, no order is required and no officer is designated to issue it; the examination is to be had "at the instance of the adverse party," and to him is the expression, "may be" referrable. The same may be said of the expression "may be had" in Section 430. In 14 Cyc., 341, it is said:

"Under the statutes of some of the States the examination of the adverse party before trial is a matter of course, un-

der the same restrictions under which the examination of witnesses may be had."

In *Vann v. Lawrence,* 111 N. C., 32; 15 S. E., 1031, the provisions of the North Carolina Code being identical with those of ours, the Court, after quoting the substance of what are our sections 429, 430, declares:

"Nothing in these two sections, or in the succeeding sections on that subject . . . suggests that leave to examine the opposite party must be obtained. On the contrary, the examination is to be treated as a right to be exercised before trial 'at the option of the party claiming it.' "

The Court proceeds to draw the distinction between a proceeding under the section allowing an inspection of writings and the one under consideration, showing that the former requires an order to be issued in the discretion of the Judge, but that the latter has no corresponding requirement.

In *Niblo v. Ede,* 39 S. D., 338; 164 N. W., 109, the provisions of the South Dakota Code being identical with ours, the Court, after quoting sections corresponding to our Sections 428, 429, 430, declares:

"There is absolutely nothing in the chapter relating to the examination of an adverse party as a witness orally before the Judge or a Referee which requires or even suggests an affidavit or an order of the Judge or the Court in connection with such proceeding except that upon good cause shown the five-day notice may be shortened."

The Court then also draws the same distinction as we have noted above between the procedure under Chapter 5 and that under Chapter 6, observed as we have seen by the North Carolina Court.

In *Epstein v. American Co.,* 95 N. J., 391; 113 Atl., 319, it is held:

"The amendment [to Practice Act, § 144] is intended to enable any party to an action to examine the adverse party

before trial after issue joined without procuring an order for the purpose, upon service of the usual form of subpoena and the payment of the necessary fee."

The amendment referred to may be found in the Act of 1914 (P. L. N. J., p. 151), and in no essential particular differs from our statute.

A further consideration lends support to our conclusions. Section 429 authorizes the examination of a party as a witness, at the instance of the adverse party, upon the trial of the cause; Section 430 extends that privilege, at the option of the adverse party, to an examination before trial; the two privileges are out upon the same basis. Certainly, if the adverse party should avail himself of the first privilege he would not be required to obtain an order therefor, and there appears to be no reason for insisting upon it as a condition to the second privilege.

As to the wisdom or expediency of the privilege this Court is not concerned; that is a legislative and not a judicial question.

The order appealed from is reversed.

Mr. Justices Watts and Marion concur.

Mr. Chief Justice Gary dissents.

Mr. Justice Fraser (dissenting): The appellant's argument thus states this case:

"This is an action brought by the plaintiff against the defendant for damages for personal injuries alleged to have been suffered by the plaintiff while a girl of seven years of age in the employ of the defendant company. Judge Sease passed an order on the motion of attorneys for defendant requiring the plaintiff to appear before him at a time and place specified to be examined in accordance with the provisions of Section 430 et seq., of Volume 2 of the Code. Upon motion of the attorneys for the plaintiff, however, the said Judge later granted an order vacating and setting aside his previous order and basing his ruling upon the position

as stated that under his construction of the said section of the Code and in view of the case of *Thomas v. Spartanburg Railway, Gas & Electric Co., etc.,* reported in 107 S. C., 109; 91 S. E., 973, that he had no power to pass the order requiring the plaintiff to appear and be examined in the absence of a proper showing by affidavits on behalf of the defendant, justifying the Judge in exercising a discretion in granting the original order. In other words, his position is that a party to an action is not entitled merely by virtue of that fact alone to have his adversary appear before the Judge to be examined under Section 430 et seq. This appeal squarely involves the correctness of that holding.

"It is difficult to find any authorities in this State that really are helpful in determining this question. Our position is that the language of the sections of the Code under consideration is as plain as it could be expressed by the Legislature. It must be taken for granted that the Legislature meant what they said in plainly stating that a party to an action shall have an absolute right to require his adversary to appear before the Court and be examined as a witness. If they did not mean the language to have the meaning and effect, it would have been easy for them to have said so."

The trouble with appellant's cause is that the statute says "may" and not "shall." It is perfectly true that where the language is clear, the Courts are not concerned with the results of a statute. Where, however, there are two constructions that may be given to the language of a statute, and one construction produces good and the other evil, the Court may adopt the construction that produces good and accords with well-recognized principles of law. The Courts are bound to adopt that construction that has a good result and is in accord with well-recognized principles of law, and reject the evil. If the right to examine the adverse party is an absolute right, then the scope of the examination cannot be restricted. It may be used maliciously to uncover the

family skeleton of the adverse party. The right being absolute, the examiner cannot be required to reveal the relevancy of his questions. If the language be clear, the Courts have no power to prevent the pernicious consequences of the exercise of an absolute right. Here we are not confronted with a doubtful construction. The statute says "may." If the examination may be held, then it may not be held, and the Judge is the only one who can determine whether it may or may not be had. In other words, it is a matter for the wise discretion of the Judge, before whom the motion is made, and having the right to grant or refuse the motion, he has the right to fix its limitations according to established rule of evidence. I think Judge Sease was right in refusing the motion.