## WHITE v. BANKERS NAT. LIFE INSURANCE CO. *ET AL.*

(132 S. E., 171)

DISCOVERY—ADVERSE PARTY CANNOT BE EXAMINED BEFORE TRIAL WITH-
OUT FOUR DAYS' NOTICE (CODE CIV. PROC. 1922, § 692, AS AMENDED
BY ACT MARCH 1, 1923 [33 ST. AT LARGE, P. 170]).—Under Code Civ.
Proc. 1922, § 692, as amended by Act March 1, 1923 (33 St. at
Large, p. 170), order requiring plaintiff to appear for examination
before trial, made without giving necessary four days' notice, *held*
erroneous.

Before HENRY, J., Sumter, February, 1925. Reversed.

Action by M. H. White against the Bankers National
Life Insurance Company and another. From an order
requiring plaintiff to appear for an examination, plaintiff
appeals.

*Messrs. Harby, Nash & Hodges,* for appellant, cite:
*Elimination of adverse party before suit; notice:* Acts of
1923, page 170; Code Civ. Pro. 1922, Sec. 692; 40 S. C.,
393; 18 S. E., 929. *Prerequisites to examination of adverse
party before suit:* 122 S. C., 86; 114 S. E., 700; 107 S. C.,
112; 91 S. E., 974; 40 S. C., 393; 18 S. E., 929; Acts of
1923, page 170; Code Civ. Proc. 1922, Sec. 689. *When
order of examination will be denied:* 18 C. J., 1067 and
1095.

*Messrs. Salley & Salley* and *Epps & Levy,* for respond-
ent, cite: *Examination of adverse party before suit:* Acts of
1923, page 170; Code Civ. Pro. 1922, Secs. 690–698.

March 5, 1926.

The opinion of the Court was delivered by MR. JUSTICE
COTHRAN.

This is an appeal from an order of his Honor, Judge
Henry, Circuit Judge, requiring the plaintiff to be examined
in open Court, at a fixed time, under Section 692 of the
Code of Civil Procedure. The sole question involved is one
of procedure.

13—S. C. R.—134.

184 WHITE v. BANKERS NAT. LIFE INS. Co. *et al.*

Opinion [134 S. C.—183]

The defendant, desiring to have the plaintiff examined under the section referred to, gave notice to the plaintiff on January 19, 1925, that the examination would be had before the presiding Judge on the 1st day of the February term of the Court, and had him served with a subpœna *ad testificandum.* On account of other matters engaging the attention of the Court, the matter did not come up until February 18, 1925, about the hour of adjournment. The plaintiff made objection that the procedure adopted by the defendant did not conform to the amendment to Section 692 passed in 1923 (Acts of 1923, p. 170). The presiding Judge overruled the objection and passed an order requiring the plaintiff to appear and be examined the following morning, February 19th, at 9 a. m. The plaintiff appealed from said order, and procured an order of *supersedeas* from a Justice of this Court.

In the case of *Fox v. Clifton Mfg. Co.,* 114 S. E., 700; 122 S. C., 86, decided December 5, 1922, the Court held that a party had the right to examine his adversary before trial, under Section 692, without procuring an order therefor, and without assigning any reason. At the ensuing session of the General Assembly in 1923, the section was amended by adding these words, qualifying the right:

"Nor unless it be upon the order of a Judge of the Court, granted after four days' notice, and upon good and sufficient cause being shown therefor."

It is admitted by counsel for the defendant that the amendment of 1923 had not been called to his attention when the proceeding was instituted.

The procedure adopted not being in conformity with the statute as amended, the order must be reversed, and it is so ordered.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, BLEASE and STABLER concur.