12224

PEOPLE'S BANK OF HARTSVILLE v. HELMS *ET AL.*

(*Two cases*)

(138 S. E., 622)

1. Reference—Compulsory Order of Reference to try Issues of Law and Fact May be Made Only in Equity Cases, Requiring Examination of Long Account (Code Civ. Proc. 1922, § 593).—Compulsory order of reference to try issues of both law and fact may be made only in cases within equitable cognizance of Court, and

then only under circumstances detailed in Code Civ. Proc. 1922, § 593, where trial of issue of fact required examination of long account.

2. REFERENCE—REFERENCE TO TAKE AND REPORT TESTIMONY MAY BE MADE IN CHANCELLOR'S DISCRETION IN EQUITY CASES.—Reference simply to take and report testimony may be made in any equity case in discretion of the Chancellor.

3. APPEAL AND ERROR—REFUSAL OF MOTION TO FRAME ISSUES IS DISCRETIONARY, AND NOT REVIEWABLE.—Refusal of defendant's motion to frame issues is a matter within discretion of the Chancellor, and not reviewable.

4. DISCOVERY—VERIFIED COMPLAINT, IN JUDGMENT CREDITOR'S ACTION TO SET ASIDE CONVEYANCE, HELD SUFFICIENT GROUND FOR ORDER REQUIRING DEFENDANTS TO SUBMIT TO EXAMINATION (CODE CIV. PROC. 1922, § 692).—Verified complaint, in action by judgment creditor to set aside conveyance of real estate by debtor to his wife, *held* to disclose sufficient ground for order under Code Civ. Proc. 1922, § 692, requiring defendants to submit to examination.

Before DENNIS, J., Darlington, January, 1926. Affirmed.

Separate actions by People's Bank of Hartsville against E. L. Helms and another, and against R. C. Helms and another. From an order in each case referring the case to the master to take and report testimony, requiring defendants to appear for examination and refusing defendants' motion to frame issues, defendants separately appeal. Affirmed.

*Messrs. Spears & Want,* for appellants, cite: *Error to grant order of reference unless long account involved:* 132 S. E., 620; 131 S. E., 768. *An order for examination of parties before trial should not be made in the absence of a showing of special cause:* 114 S. E., 700; 33 Stat., 170.

*Messrs. Miller & Lawson,* for respondent, cite: *Reference to take testimony to be reported to the Court is not a reference for trial; not governed by Sec. 593, Code Civ. Proc.:* 21 S. C., 371; 34 S. C., 174; 53 S. C., 130; 73 S. C., 227; 75 S. C., 319; 84 S. C., 98. *Refusal to frame issues within discretion of Chancellor and not reviewable:* 132 S. C., 360. *Examination of parties as witnesses:* 33

Stat., 170; 122 S. C., 86; 235 Fed., 198. *Right as to discovery:* 6 Pom. Eq., Sec. 875; 27 C. J., 862; 9 R. C. L., 164.

June 20, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

These two cases, presenting the same questions, were heard together, and will be so considered. For convenience the case first stated above will be decided, the determination of it will control the disposition of the other.

This is an action by the plaintiff, a judgment creditor of the defendant E. L. Helms, to set aside a conveyance of certain real estate described in the complaint to his wife, the defendant Lila Helms.

Issue having been joined, the plaintiff gave notice of a motion for an order referring the case to the master to take the testimony and report the same to the Court, and for an order requiring the defendants to appear and be examined under Section 692 of the Code of Civil Procedure. After the service of this notice, while the motion was pending, and within 10 days after issue joined, counsel for the defendants served notice of a motion that certain specified issues of fact be submitted to a jury. The three motions were by consent submitted to his Honor Judge Dennis as if in open Court, and were so considered by him. He signed an order referring the case to the master to take the testimony and report it, requiring the defendants to appear for examination, and refusing the motion of the defendants to frame issues. This appeal is by the defendants from this order.

I. As to the order of reference: It is settled by a number of decisions of this Court (*Newell v. Blankenship,* 130 S. C., 131; 125 S. E., 420. *Bank v. Foster,* 132 S. C., 410; 129 S. E., 629. *Etheredge v. Porter,* 134 S. C., 71; 131 S. E., 768. *Keese v. Parnell,* 134 S. C., 207; 132 S. E., 620. *Moody v. Lumber Co.,* 136 S. C.,

327; 134 S. E., 369. *Sumter Hardwood Co. v. Fitchette,* 133 S. C., 149; 130 S. E., 881, and others) that a compulsory order of reference to try the issues of both law and fact may be made only in cases within the equitable cognizance of the Court, and then only under the circumstances detailed in Section 593 of the Code, "where the trial of an issue of fact shall require the examination of a long account." It is equally well settled that a reference simply to take and report the testimony does not come within the foregoing restriction, and may be made in any equity case in the discretion of the chancellor. *Bank v. Fennell,* 55 S. C., 379; 33 S. E., 485. *Barnwell v. Marion,* 58 S. C., 459; 36 S. E., 818. *Ferguson v. Harrison,* 34 S. C., 174; 13 S. E., 332. *Insurance Co. v. Berry,* 53 S. C., 130; 31 S. E., 53. *Hall v. McBride,* 73 S. C., 227; 53 S. E., 368. *Fludd v. Assur. Soc.,* 75 S. C., 319; 55 S. E., 762. *Williams v. Newton,* 84 S. C., 98; 65 S. E., 959. *McSween v. McCown,* 21 S. C., 371.

In the case of *Keese v. Parnell,* 134 S. C., 207; 132 S. E., 620, the expression, "if the appellants had opposed the reference upon this ground [referring to the doctrine announced in the case of *Newell v. Blankenship*], and had followed up the objection with appropriate exception, their position would have been sustained," used by the writer of this opinion, was an erroneous application of the doctrine of the *Newell v. Blankenship case* and others (where the order of reference was to hear and determine all issues of law and fact), to the case then at bar (where the order of reference was only to take and report the testimony), and should be disregarded, not only as an erroneous statement of the law, but *obiter dictum.*

II. As to the refusal to frame issues: This was a matter within the discretion of the chancellor, and not reviewable. *Keese v. Parnell,* 134 S. C., 207; 132 S. E., 620.

III. As to the order requiring the defendants to submit to an examination: The motion was made under Section 692, Code Civ. Proc., 1922, which is as follows:

"The examination, instead of being had at the trial, as provided in the last section, may be had at any time before trial, at the option of the party claiming it, before a Judge of the Court, on a previous notice to the party to be examined, and any other adverse party, of at least five days, unless for good cause shown, the Judge order otherwise. But the party to be examined shall not be compelled to attend in any other county than that of his residence, or where he may be served with a summons for his attendance; nor unless it be upon the order of a Judge of the Court granted after four days' notice, and upon good and sufficient cause being shown therefor."

The last clause in the Act is the amendment of 1923 (33 Stat., 170), and evidently was occasioned by the decision of this Court in the case of *Fox v. Clifton Mfg. Co.,* 122 S. C., 86; 114 S. E., 700, which was to the effect that a party to an action is entitled, as a matter of legal right, to have his adversary examined before trial, without assigning any other reason than that the person sought to be examined is a party to the action. The effect of the amendment is to deny the right except upon four days' notice and a showing of "good and sufficient cause" for such examination.

In the case at bar the plaintiff, moving for the order of examination, relied for "good and sufficient cause" solely upon the verified complaint and the verified answer, and the question for decision is whether he thereby presented a case of "good and sufficient cause" for the examination.

We very much appreciate the observation of Judge Hand of the Circuit Court of Appeals in the case of *Texas Co. v. Cohen,* 15 F. (2d), 358, where he refers to the matter of discovery as "a subject which, even while it was best under-

stood, was never clear, and which entrapped the best Judges and the most seasoned practitioners."

"And it is within the power and is the duty of the Court to determine whether the showing made by the party asking for the examination is sufficient."    18 C. J., 1085.

It seems clear that the statutory proceeding of the examination of an adverse party before trial is a convenient substitute for the old bill of discovery in equity, and is largely regulated by the principles applicable to that proceeding.    As is said by the New York Court in the case of *Elmore v. Hyde,* 2 Abb. N. C., 129 :

"The provisions of Code Proc., § 391, authorizing examination of an adverse party before trial, are to be regarded as a substitute for the old bill of discovery in equity; and an order for examination should be made in general, only in cases and upon grounds on which a discovery might have been obtained in equity."

One of the limitations upon the exercise of that right was that it could not be invoked for the purpose of "the disclosure before trial of the evidence by which the opposite party will support its own allegations." *Texas Co. v. Cohen, supra.*    As expressed by Mr. Pomeroy :

"* * * The plaintiff may compel the discovery of all facts material to his own cause of action, even though the defendant's evidence may thereby be incidentally disclosed, as for example where the establishment of the plaintiff's title or cause of action involves the proof of fraud, and the defendant, besides discovering what the case is, on which he relies, can be compelled to disclose all facts which would by way of evidence tend to impeach or destroy it, unless otherwise privileged, since such facts are material evidence for his adversary, but he is not bound to disclose any evidence by which he intends to or may support his case, for such evidence cannot be material to the plaintiff."    1 Pom. Eq. Jur. (Ed. 1881), § 201. *Carpenter v. Winn,* 221 U. S., 533;

31 S. Ct., 683; 55 L. Ed., 842. *Day v. Mill Co.* (D. C.), 225 F., 622. *Taylor v. Ford Co.* (D. C.), 2 F. (2d), 473.

It must be appreciated that upon an issue of fraud it would be extremely difficult to preserve the line of demarcation between evidence which tends to sustain the opposite party's claim and that which tends to sustain the attacking party's claim of fraud. But, in view of the laudable purpose of arriving at the truth of the disputed transaction and of the willingness of an honest man that the whole transaction be bared as well as of the fact that the circumstances are necessarily almost entirely within the knowledge of the party against whom the fraud is charged, an excessive nicety in preserving this line of demarcation will not be observed.

"As the object of this jurisdiction in cases of bills of discovery is to assist and promote the administration of public justice in other Courts, they are greatly favored in equity, and will be sustained in all cases where some well-founded objection does not exist against the exercise of the jurisdiction." 3 Story Eq. Jur. (14th Ed.), § 1935.

The right of discovery in cases of alleged fraud has always been recognized by the Court of equity.

"It (discovery) may be had to detect fraud and imposition, or to set aside fraudulent conveyances." 9 R. C. L., 171.

"Where the circumstances of alleged fraudulent conveyances and defendant's financial condition at the time are an essential part of plaintiff's cause of action, defendant may be examined before trial even as to the fraud subject to fundamental constitutional limitations." *Klein v. Pothmont,* 119 Misc. Rep., 322; 196 N. Y. S., 373.

"It is likewise unquestionable that chancery will decree a discovery to detect fraud and imposition, and to set aside a fraudulent conveyance." *Skinner v. Judson,* 8 Conn., 528; 21 Am. Dec., 691. *Howell v. Ashmore,* 9 N. J. Eq., 82; 57 Am. Dec., 371.

In *Guyton v. Terrell,* 132 Ala., 66; 31 So., 83, the syllabus states:

"Where a bill seeking satisfaction of complainant's judgment out of property of the debtor fraudulently conveyed and concealed averred that the property fraudulently conveyed was not of sufficient value to pay plaintiff's judgment, it sufficiently appeared that the discovery sought was necessary."

We are of opinion, therefore, that the verified complaint discloses sufficient ground for the order of examination, and are less reluctant to reach this conclusion, for the reason that the plaintiff has every opportunity to elicit the information he seeks in this proceeding by an examination of the debtor under supplementary proceedings.

The judgment of this Court is that the order in each of the above-stated cases appealed from be affirmed.

Mr. Chief Justice Watts and Messrs. Justices Blease, Stabler and Carter concur.