12753

UNITED STATES TIRE CO. v. KEYSTONE TIRE SALES CO.

(150 S. E., 347)

58

*Mr. B. F. Martin,* for appellant,

*Mr. Wilton T. Earle,* for respondent,

November 4, 1929.

The opinion of the Court was delivered by Mr. Justice Blease.

The respondent, as plaintiff, sued the appellant, a corporation, as defendant in the Court of Common Pleas for Greenville County.

The complaint alleged certain indebtedness claimed to be owing to the respondent by the appellant, both on a promissory note and an open account. The pleading also contained certain allegations, looking, as we conceive it, to a claim on the part of the respondent that it had a lien on certain accounts and merchandise. Attached to the complaint, and made a part thereof, was a written agreement, alleged to have been made by the parties to the cause. This agreement provided for certain examinations of the books of the appellant corporation by the respondent. It was alleged in the complaint that the respondent was entitled to an investigation of the books, that demand for the books had been made, and that the appellant would not allow such investigation.

Attached to the complaint was a purported verification thereof. Therein the affiant, who styled himself as the "branch treasurer" of the respondent corporation, swore that the complaint was "true of his own knowlege, except as to the matters stated upon information and belief; and

as to these he believes it to be true; that the allegation as to the incorporation of plaintiff is upon knowledge; other allegations are upon information." We do not find in the complaint anything to show what allegations were made upon the knowledge of the affiant, and those he intended to make upon his information and belief. The verification, however, shows that the only allegation made by the affiant on his own knowledge was the one as to the corporate capacity of the respondent, and all the other allegations were made upon the affiant's information alone.

In the prayer of its complaint, the respondent demanded judgment for the debts alleged to be owing to it by the appellant, an order requiring the defendant to appear before the master of Greenville County for examination, as provided in Section 692 of the Code of Civil Procedure, and the appointment of a receiver for certain property.

Some time soon after the service of the summons and complaint, or perhaps on the same day (we are unable to state exactly from the record), respondent caused to be served upon the appellant a notice entitled, "Notice of Motion for Order Requiring Defendant to be Examined under Section 692, Code of Civil Procedure, and Notice of Motion for Order Appointing Receiver." In that instrument, the defendant was notified that the plaintiff's attorney would move before Hon. T. J. Mauldin, Presiding Judge, on June 11, 1929, "for an order requiring the defendant to appear before Hon. E. Inman, Master, Greenville County, together with his books for examination, as provided in Section 692, Code of Civil Procedure, S. C." In the same notice, the defendant was also notified that an order appointing a receiver would also be asked for. It was stated in the paper that the "motion will be made on the verified summons and complaint served this day on you."

In obedience to the said notice, after argument, Judge Mauldin passed an order, the pertinent portions of which were as follows:

"It is ordered that the defendant, or any officers or agents of said defendant, and specifically the President, L. M. Davidson, appear for examination before E. Inman, Master, Greenville County, Tuesday, the 18th day of June, 1929, at ten-thirty o'clock A. M. subject, however, to said master continuing said examination for cause from time to time as he may be advised.

"It is further ordered that said defendant, its agents and servants, bring with it, or them, its books of accounts which show the sales of property of plaintiff made in the year 1928, or any other books or papers of accounts receivable, of sales of plaintiff's property by the defendant to its customers; or any other books or accounts that show, or are connected with, any such sales. Said master has authority to order any further books that he may be advised of."

It is from this order that the appeal comes; and the several questions raised by the appellant in its eight exceptions will be disposed of without quoting the exceptions.

The first position of the appellant is that Section 692, and the other Sections relating to that Section, found in Chapter 6 of the Code of Civil Procedure, and the amendment passed in 1923 (33 Stat., 170), do not apply to corporations. Our opinion is to the contrary. Chapter 6 is entitled, "Examination of Parties." The purpose appears all through the chapter to allow the examination of a *party* to an action at the instance of an adverse *party*. It is true the word "corporation" is not expressly used in the chapter, but it is clear to us that it is included in the word "party." There is certainly nothing in the Statute to show that it was the legislative intent to exclude corporations. The general rule of the law is that, when the word "person" or "party" is used in a Statute, it is broad enough to include corporations, artificial persons, unless the intention to exclude such artificial persons is plainly obvious. "Party" is a technical word, and it has a precise meaning in legal parlance. It is understood to include all persons, natural or

legal, by whom, or against whom, a suit is brought, either in law or in equity. See Black's Law Dictionary.

The appellant suggests that a corporation, being an artificial person, cannot give oath, and cannot appear as a witness, and cites some authorities to show that the old remerdy of discovery was not applicable to corporation parties. The provisions made in Chapters 5 and 6 of the Civil Code of Procedure created a new remedy, and operated to destroy pre-existing remedies in equity. *Hall v. Joiner*, 1 S. C., 186; *Fox v. Clifton Mfg. Co.*, 122 S. C., 86, 114 S. E., 700. It is true the legal entity cannot itself speak, or give oath, but the corporation speaks, and can testify, through its officers. One of the main purposes of the Statute would be defeated if the appellant was right in its contention, namely, allowing those who sue, and who are sued by, corporations the right to examine into the affairs of the corporation, pertaining to the matters involved in the litigation. It would be manifestly unjust and unreasonable to say that a corporation, sued by or suing an individual in a Court of justice, could not be examined, for proper cause, while its adversary could be so examined at the instance of the corporation. If he placed such construction on the Statute under consideration, we might have to go further and declare the whole Act unconstitutional as being discriminatory between corporations and individuals. It is against the policy of the Court to so declare, when, by any reasonable construction, legislative enactments may be harmonized with the Constitution.

Another position of the appellant is that there was error on the part of the circuit Judge in ordering the examination to be held by the master, instead of before the Judge himself.

So far as the record before us discloses, no reference to the master has been ordered; the case seems to stand at the present for trial in the Court of Common Pleas before the Judge of that Court. We are not called upon here to pass

upon the authority of a master in equity to order and hold the examination *before trial,* provided for in Sections 692 and 693. Nor are we called upon to decide on the propriety of the examination being ordered or held by the master when the cause has been referred to him generally. In *People's Bank v. Helms,* 140 S. C., 107, 138 S. E., 622, which apparently was an equitable action entirely, there was a general order of reference by the circuit Judge to the master, and at the same time an order requiring the defendants to submit to an examination before the master. The report of the case in this Court does not show that there was any question as to the procedure referred to.

It is true that, in some of our older cases, a master in equity was held not to be a "Judge," under the provisions of the Constitution then of force. See *Ex Parte Gray,* Bailey, Eq. (8 S. C. Eq.) 77; *Hunt v. Elliott,* Bailey, Eq. 90, decided in 1830. Since those decisions, however, we are governed by another Constitution, and the powers of masters have been greatly enlarged by legislative enactment.

It must be kept in mind also that the respondent did not proceed under the provisions of Section 691 of Chapter 6, relating to the examination of a party's adversary as a witness; and that it did not proceed under the provisions of Chapter 5 of the Code of Civil Procedure, relating to the inspection of writing, books, etc. The respondent confined itself to the provisions of Sections 692 and 693 of Chapter 6. These Sections relate exclusively to the examination of a party to an action *before trial.*

Section 692 expressly provides that the examination *before trial* is to be "before a Judge of the Court. * * *" In Section 693, it is required that "the examination shall be taken and filed by the Judge. * * *"

Under the circumstances of this case, where the master had been given no authority whatsoever, we think the Judge was in error in ordering the examination to be held before that officer.

The appellant questions the right of the circuit Judge to require the president and other officers of the defendant corporation to appear for examination. It seems to us, and we so hold, that, when it is proper for a corporation to be examined, under the provisions of Chapter 6 of the Code, it is also proper for the officers of the corporation to be so examined, for, as indicated before, a corporation must speak and act through its officers. We frankly admit that our holding does not .seem to be in accord with the holdings generally in this regard (See 14 Cyc., 340), since our Statute does not expressly provide for the examination of the officers of a corporation when the corporation is a party to a suit. If a corporation can be examined, and we have so held, it would be a denial of the right to have that examination to hold that its officers cannot be examined. Under the old rule that a corporation could not be examined, the examination was still procured by making the officers and agents of the corporation parties to the action, which required their examination. Under our view, it is not now necessary to seek a way to get around the law. Of course, the examination of these officers and agents is to be limited to the affairs of the corporation involved in the litigation, to which the corporation is a party.

The application for the order of examination, in our opinion, should set forth that the examination of the corporation, through certain named officers, is asked for, that the persons so named may resist the application for any proper reason.

In line with the holding last made, we find it necessary to disagree with the circuit Judge in requiring the president of the corporation, and other officers, not even named in the order, to appear for the examination, for the reason that it does not appear in the record that notice of the application for the order was given to the president

and the other officers. Under the old law, notice of motion for an order of examination was not required. *Fox v. Clifton Mfg. Co.,* 122 S. C., 86, 114 S. E., 700. But the amendment of 1923 (33 Stat., 170) required four days' notice of the application for an order of examination. *White v. Bankers' Nat. Life Ins. Co.,* 134 S. C., 183, 132 S. E., 171. It was necessary to give the corporation, a party, notice of the application. We think it more necessary to give the officers and agents, sought to be examined, such notice, for they were not direct parties, and were entitled, for proper cause, to resist the application.

The appellant further contends that it was improper for the circuit Judge to grant the order upon the showing made before him—the complaint alone, verified defectively, as it is asserted, and without any disclosure as to the sources of the information set forth in the complaint and the verification.

It was formerly held that the Statute, prior to the amendment of 1923, allowed a party the right to examine his adversary, without assigning any reason therefor, except the fact that the person sought to be examined was a party to the action. *Fox v. Clifton Mfg. Co., supra.* But, after the amendment of 1923, Mr. Justice Cothran, speaking for this Court, properly indicated, in our opinion in *White v. Bankers' Nat. Life Ins. Co., supra,* that "good and sufficient cause" must be shown to entitle the moving party to the order for examination. In *People's Bank v. Helms, supra,* Mr. Justice Cothran, also speaking for the Court, held that the verified complaint in that action disclosed sufficient grounds for the granting of the order of examination. In the *Helms case,* the only showing made by the moving party seems to have been that which was set out in the complaint, which, so far as the record shows, was properly verified. We take that deceision as sufficient authority for our holding that "sufficient cause" for the examina-

tion may be shown in the complaint, without the necessity of additional affidavits, but that the complaint should be verified, and in some manner there ought to be at least *prima facie* proof of the material allegations of a legal cause of action. If the affiant does not make the proper showing by affidavit of necessary facts within his own knowledge, he ought to disclose the sources of the information he has.

"An affidavit for examination of a party before trial, stating facts on information and belief, is sufficient, where the sources of information and grounds of belief are stated; but the sources of the information or grounds of belief must be given or it will be fatally defective, and when the affidavit is made solely on information and belief, it must in addition to giving the source of information state reasons why an affidavit is not made by the informant. Mere allegations on information and belief contained in the petition are not proved by the verification of the petition so as to authorize an order for discovery." 14 Cyc., 349.

The only other position of the appellant necessary to be commented upon at this time is the one that the order was improper because of its purpose to obtain the disclosure of evidence of the defense. Without indication on our part as to the truth of the matters set forth in the complaint, it is proper to call attention, briefly, to some of the material allegations contained therein. The plaintiff claims that the defendant occupied a trust relationship with the plaintiff in the handling of certain goods and merchandise; that the defendant agreed, in writing, that accounts owing to it on the sale of these goods should be held for plaintiff's benefit; that the plaintiff had the right, under the contract, to examine defendant's books with reference to those sales and accounts; and that the defendant had refused the right to which the plaintiff was entitled. If the Judge was satisfied, by proper showing, of the truth of the matters alleged in the complaint, there was "sufficient cause," in our opinion,

for his granting a proper order under the circumstances. It may be that the order should not have been granted under the provisions of Sections 692 and 693 of the Code of Civil Procedure, but that a proper order could have been passed according to the terms of Section 689 of Chapter 5 of the Code. We do not deem it proper, under the record before us now, to pass upon this particular question.

Because of the errors pointed out hereinbefore, the order of Judge Mauldin must be reversed; and it is so ordered.

MR. CHIEF JUSTICE WATTS, and MESSRS. ASSOCIATE JUSTICES COTHRAN, STABLER, and CARTER, concur.