16773

BRADLEY v. SOUTHERN WEAVING CO.
(78 S. E. (2d) 237)

*Messrs. Haynsworth & Haynsworth,* of Greenville, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Respondent,*

The order of Judge Baker follows:

On or about April 1, 1950, the plaintiff entered the employment of the defendant as its sales manager. His contract of employment from that date until November 30, 1950, is in the form of a letter, and marked as Exhibit "A" in the affidavit of the plaintiff. The employment contract from December 1, 1950, and ending November 30, 1951, is a formal contract and known as Exhibit "B"; and the agreement of employment from November 30, 1951 to November 30, 1952, is also a formal contract and marked as Exhibit "C" in the affidavit. His compensation under Exhibit "A" was a sliding percentage scale based on the total annual sales, excluding sales made through a Detroit representative. In this contract he was guaranteed $700 per month for the first twelve months. In Exhibit "B" his compensation was based upon percentages of adjusted sales, also on a sliding scale basis, the percentages being smaller than in Exhibit "A". In Exhibit "C" his compensation is likewise on a percentage of adjusted sales, on a sliding scale basis, with a difference in the percentages as contained in contracts "A" and "B." Contracts "B" and "C" provide for a drawing account of $1,150.00 per month. Contract "B" contains the following clause:

"Adjusted Sales shall be the total amount invoiced by the Company for shipments made during the Fiscal year

1951 less the total amount covered by invoices which include commission or royalty allowances for M. S. Dennett Company and/or Cutler Textiles, Inc. and less an amount equal to 25% of all invoices covering deliveries against sales contracts or orders which are subject to price Renegotiation by the United States Government."

This clause is also contained in contract "C" except the fiscal year of 1951 is changed to the fiscal year of 1952.

On August 15, 1952, plaintiff resigned from his position as sales manager of defendant, and apparently under considerable disagreement, for shortly thereafter he served a summons, without complaint, on defendant. He is now moving for an order to compel the defendant to produce for his inspection, or that of his attorneys, such books, records and papers as will reveal the following information: a record of all sales during the period from April 1, 1950 to August 15, 1952; the number and quantity of purchase orders for which he has not been paid commissions; and those sales which involve renegotiation with the Federal Government to show the amounts actually lost to the defendant through any and all renegotiations; and his salary account represented in the contract negotiations during his period of employment.

In support of the motion he filed the affidavit already referred to. In the affidavit he says contract "A" was breached by defendant and there was substituted therefor contract "B"; that there was also a breach of contract "B" by the defendant with the substitution therefor in the form of contract "C." He further alleges there are orders upon the defendant's books for which he is entitled to remuneration. The plaintiff also states in his affidavit that in negotiating contract "B" defendant falsely represented to him that defendant would be liable for disallowance of his salary upon renegotiation of contracts with the United States Government. The affidavit states defendant was the sole custodian of all books and records, that he has made demands for the

production of such books and records as would show the amount due him, which demands have been refused, and the sums and amounts involved and affected by the defendant's misrepresentations and contract breaches cannot be determined unless inspection of the books, records and papers is permitted.

In *Jenkins v. Bennett,* 40 S. C. 393, 18 S. E. 929, our Supreme Court has ruled the moving party should show at least *prima facie* fact or facts as will enable the Court to exercise its discretion as to whether such extraordinary power as is invoked should be granted. The moving party should state facts showing a necessity for the exercise of such a power, and these facts should be sufficient as to enable the Court to form its own opinion. This principle of law is reiterated in *Thomas v. Spartanburg Ry., G. & E. Co.,* 107 S. C. 109, 91 S. E. 973. It appears from the papers that plaintiff has at least made a *prima facie* showing as to entitle him to an inspection. He contends there are orders for which he is entitled to compensation which has not been paid, and because defendant has been the sole custodian of the books and records he is unable to ascertain the amount and quantity.

That clause of contracts "B" and "C" which provides for a deduction in an amount equal to 25% of all invoices covering deliveries against sales contracts subject to price renegotiation, is quoted in this order. It is plaintiff's position that he should be entitled to examine the books and records on contracts subject to renegotiation to determine the amounts actually lost, if any, as a result of any renegotiations, and, further, to ascertain the actual amounts due him, if any, on those contracts with the United States Government, since he says he was induced to sign contracts "B" and "C" upon the false representation that defendant would be liable for disallowance of his salary in those particular sales subject to renegotiation.

At regular intervals the plaintiff was given a memorandum showing his compensation based upon adjusted sales,

which memorandum included the deduction of an amount equal to 25% of the invoices subject to price renegotiation. The information contained in the adjusted sales slips was copied into affidavit form by counsel for plaintiff and forwarded to the defendant with the request that it be verified if correct. This the defendant has refused to do. Counsel for plaintiff stated in the argument that if defendant had verified the affidavit as forwarded, then plaintiff would have been content and there would be no necessity for an examination, but because of its refusal, and by reason of other facts contained in plaintiff's affidavit, he was compelled to move such that the complaint could be drawn.

It is, therefore, ordered that defendant be required to produce for inspection by plaintiff, or his attorneys, such books, records and papers as will cover plaintiff's employment from December 1, 1950, until his date of discharge such that he will be enabled to determine what purchases and orders, if any, he has not received remuneration for, according to the terms of his contracts; his salary account as represented in contract renegotiations between Southern Weaving Company and the United States Government from December 1, 1950 until his date of discharge; and the books and records to show those sales made from December 1, 1950, until the date of his discharge which involved renegotiation with the Federal Government.

It will be noted that defendant is not required to produce any books and records covering the period of time embraced in Exhibit of contract "A." This portion of the motion is denied since plaintiff has not shown any facts which will enable him to examine the records prior to December 1, 1950. His mere statement that contract "A" was breached is not sufficient. Matters relating to sales subject to renegotiation are first contained in contract "B."

The books and records herein required to be produced are to be available for inspection within twenty days following the filing and service of this order, and the plaintiff, or his attorneys, shall be allowed a period of twenty days within

which to make such inspection and examination after they are produced for that purpose. The place of production and inspection shall be at the main offices of the defendant in the County of Greenville.

Aug. 17, 1953.

On Rehearing Oct. 15, 1953.

PER CURIAM.

The Order of Honorable G. Badger Baker has been carefully considered in the light of the record and the exceptions, and we find no error.

Let the Order be reported as the judgment of this Court.

On Rehearing

A petition has been filed for a rehearing, and also a motion has been made for clarification of the manner in which the information desired by the respondent is to be furnished by the appellant.

Upon consideration, the petition for rehearing is denied, and the following shall be added to the opinion of the Court:

Some question was raised as to the manner or method by which the defendant would supply the plaintiff with the information required by the order of Judge Baker, the point being made that a personal inspection by the plaintiff of certain of the records of the defendant would reveal to the plaintiff confidential and wholly irrelevant information to which the plaintiff was not entitled, it being contended that he is now a competitor. The record, however, does not contain sufficient information upon which this Court can now decide such questions and it is apparent that they were not considered by the Circuit Judge. Accordingly, in affirming the order below, the case is remanded to the Circuit Court for Greenville County with leave to issue such supplementary or further orders as justice may require to insure that the defendant furnishes to the plaintiff in an appropriate form all of the information required to be furnished under the order of Judge Baker but, at the same time, to provide reasonable and appropriate protection to the defendant

against compulsory disclosure of confidential information which is wholly irrelevant to the issues in this case.